STUMPF & LANGHOFF, LTD., Respondent, vs. ESPENHAIN DRY GOODS COMPANY, Appellant.

*November 16—December 7, 1915.*

*Trade: Unfair competition: Purchase of bankrupt's stock: Exclusive right to advertise: Right of purchaser of exempt stock.*

1. The purchase, at the trustee's sale, of all the stock in trade of a bankrupt except the portion allowed as exemptions, did not give to the purchaser such an exclusive right to advertise the sale of such bankrupt stock as would preclude one who bought the exempt portion from also advertising it as a part of said stock.

2. An advertisement of such exempt portion of the bankrupt's stock, containing no statements which were untrue or calculated to mislead the public, did not constitute unfair competition in trade, and a preliminary injunction against such advertising, at the suit of the purchaser of the stock sold by the trustee, was improvidently granted.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

This action was brought to restrain the defendant from continuing or permitting to be continued an advertisement of the sale of certain goods. The material part of the complaint charged in effect that on July 13, 1915, one Hubert A. Silberberg, a resident of the city of Milwaukee, was carrying on business under. the name of Hubert's Lingerie Shop, at No. 593 Downer avenue, and on said day filed a petition in bankruptcy; that said Silberberg filed schedules in the bankruptcy court showing assets of $4,669.92; that in said proceedings said Silberberg claimed stock in trade exempt $200; that other proceedings were had in the matter and a trustee appointed who entered upon the discharge of his duties; that an inventory of the goods in bankruptcy was made and filed in the bankruptcy court; that said Silberberg claimed and was allowed by the said court, as and for exemptions under the laws of Wisconsin, out of the stock of goods, $200 worth of merchandise consisting of knitted suits, carriage robes,

sweaters, toques, leggings, and sacques; that on July 23, 1915, pursuant to notice, the trustee offered the bankrupt stock for sale, except the portion allowed the bankrupt as exemptions; that the plaintiff and defendant were rivals in business in Milwaukee and rival bidders at the sale, and that the plaintiff was the successful bidder, purchasing said goods for $1,550; that said Silberberg on the 23d day of July, 1915, sold to the defendant for $150 the $200 worth of merchandise allowed to him as his exemptions under the state law; that after the purchase of the $200 worth of exemptions by the defendant it caused a notice to be published in the Milwaukee Sentinel of July 25, 1915, advertising the sale thereof, a copy of which notice is attached to the complaint. The complaint further alleges that upon the purchase of a bankrupt stock of goods like that of Silberberg's at sales held by trustees in bankruptcy it is the custom and practice to advertise such stocks for sale as having been purchased at bankruptcy sales, and that the exclusive right to so advertise constitutes a large element in fixing and determining and greatly increasing the price paid for said stock, and if such opportunity and right of the purchaser to so exclusively advertise the stocks thus purchased is not protected such element of value is destroyed; that the plaintiff purchased said stock with the intention of advertising the same for sale at its store in the city of Milwaukee as having been purchased at said bankruptcy sale; that the defendant in causing to be published the advertisement, Exhibit A, intended to defraud the public into the belief, contrary to the fact, that it had purchased and was thus offering for sale at sacrifice prices a large part of the stock of the said Hubert's Lingerie Shop, which had been sold to the plaintiff, and intended and designed to cheat and defraud the plaintiff of a large part of the value which it had otherwise received on the advertisement and sale of said stock; that the plaintiff has suffered loss and damage by the unlawful and illegal acts of the defendant.

The plaintiff also produced and used on the motion for temporary injunction an affidavit setting forth that an advertisement substantially similar to Exhibit A appeared on the 25th day of July, 1915, in the following newspapers published in Milwaukee, viz. Germania, Free Press, and Journal, in addition to the publication in the Sentinel before referred to, and that the cost of such advertisements in said four papers at regular rates is $75.89, and that the fixtures sold to the plaintiff were appraised in the bankruptcy court at $165. Two affidavits were also produced by the defendant on the hearing to the effect that all acts on the part of the defendant were in good faith and that the facts stated in the advertisement, Exhibit A, were true and there was no intent to cheat or defraud; that the acts of the defendant in advertising in no way injured the plaintiff or any other person; that the plaintiff's purchase of the bankrupt stock gave it no exclusive right to advertise the sale, and that the plaintiff acquired no right to interfere with the free and fair disposition of the property of the defendant; that the plaintiff's expense in advertising in the Milwaukee newspapers the sale of the property purchased at the bankrupt sale at regular rates was $310; that defendant's expense in advertising at regular rates was about $51.    Other facts contained in the affidavits we need not refer to here.

Upon the complaint and affidavits referred to the court below ordered that during the pendency of the action the defendant be enjoined and commanded to discontinue the advertisement of which Exhibit A, attached to the complaint, is a copy, so far as the sale refers to stock of Hubert's Lingerie Shop, bankrupt, and to refrain from publishing the same or any similar advertisement in any newspaper in the city of Milwaukee unless such advertisement is so corrected and amended that the public shall not be misled into believing that the defendant is offering for sale any part of that portion of the stock formerly owned by Hubert A. Silberberg in the

business under the name of Hubert's Lingerie Shop which the plaintiff purchased at the bankruptcy sale mentioned in the complaint; from which order the defendant appealed.

For the appellant there was a brief by *Kronshage, McGovern & Hannan,* and oral argument by *F. E. McGovern.*

For the respondent there was a brief by *Hoyt & Goff,* and oral argument by *Guy D. Goff.*

KERWIN, J. The facts in this case are practically undisputed. The parties to the action seek to deduce different conclusions from undisputed facts. The defendant bought the exempt portion of the stock of the bankrupt and the plaintiff bought the balance. Each advertised the sale of the stock purchased by it. The defendant advertised in the Sunday issue of the Milwaukee Sentinel:

### "ESPENHAINS.

"WE SECURED AND OFFER FOR MONDAY'S SELLING THE EXEMPTED STOCK OF HUBERT'S LINGERIE SHOP (BANKRUPT). 593 Downer Ave.

"Consisting mainly of Infants' and Children's Wear, at About HALF THE WHOLESALE COST.

"The purchase was not a large one, and the various lots are consequently limited, but we assure you that the savings we offer you are substantial. You should not fail to take advantage of this offering of NEW CLEAN MERCHANDISE AT ABOUT HALF PRICE.

"In being permitted by process of law to select his legal exemption, Mr. Hubert A. Silberberg, the proprietor, naturally selected THE CHOICEST ITEMS, and since we bought the EXEMPTED STOCK we offer WHAT THE PROPRIETOR CONSIDERED HIS BEST MERCHANDISE AT RADICALLY LOW PRICES."

Then follows a description of goods with value and discount prices.

The plaintiff also a few days later published an advertisement of the sale of goods belonging to the bankrupt stock in

four newspapers published in the city of Milwaukee, viz. Germania, Free Press, Journal, and Sentinel.    The advertisement published by plaintiff reads as follows:

"STUMPF & LANGHOFF.

"STUMPF & LANGHOFF.    STUMPF & LANGHOFF.

"BANKRUPT SALE OF HUBERT'S LINGERIE SHOP.

"593 Downer Avenue.

"WOMEN'S AND MISSES' DRESSES, WAISTS, MUSLINWEAR, GLOVES, KNIT UNDERWEAR, GIRLS' AND INFANTS' WEAR.

"EVERYTHING AT 40c. ON THE DOLLAR.<br/>SAVE 50 %.

"We came into possession of the entire stock of Hubert's Lingerie Shop through the United States bankruptcy court. Hubert's Lingerie Shop was well known for exclusiveness and high quality.    Practically all the merchandise is fresh, clean, new, and highly desirable.    Our purchase price was 40c. on the dollar.    Your purchase prices, therefore, will leave you a saving of 60 per cent., CONSIDERABLY MORE THAN ONE HALF.    It is a sale which is bound to make a deep and lasting impression upon the memory of all those who will share in the extraordinary bargains.    But we'll let the merchandise and prices speak for themselves. Read them below."

Then follows a description of some of the articles with prices.

It is clear from the advertisements of both parties that they were trying to make as much as possible out of their respective purchases.    Each had a part of the bankrupt stock and was advertising the sale of it.    As will be seen, the advertisement by plaintiff was of "Hubert's Lingerie Shop." The advertisement of plaintiff would strongly indicate that it was offering for sale the entire stock.    The advertisement of defendant was of sale of the exempt stock which it purchased.    So it is difficult to see how the court below could find that the advertisement of defendant was deceptive, false,

and fraudulent. True, as contended, there was a display in large type of certain parts of the advertisement, but the facts stated in the parts displayed were true. There was no false statement in the advertisement. Surely the defendant had a right to state the facts in advertisement, even if such statement had the effect of drawing trade away from plaintiff.

Counsel for respondent furnish us with a very able discussion of the doctrine of unfair competition in trade and the law relating to trade-marks and trade-names. It is clear that there is no question of trade-mark or trade-name in the instant case, and the only question is whether the defendant is shown by the record to have been guilty of any unfair competition. There was no effort by defendant to palm off its goods as the goods of plaintiff. The facts respecting the purchase of the exempt stock and sale thereof were true, and there was nothing in the advertisement calculated to mislead the public. In *Howe S. Co. v. Wyckoff, Seamans & Benedict,* 198 U. S. 118, 25 Sup. Ct. 609, 49 L. ed. 972, in speaking of what constitutes unfair trade the court said: "The essence of the wrong in unfair competition consists in the sale of the goods of one manufacturer or vendor for those of another; and if defendant so conducts its business as not to palm off its goods as those of complainant, the action fails."

It is alleged in the complaint that upon the purchase at sales made by receivers and trustees it is the custom of the purchaser to advertise such stock, and that the exclusive right to so advertise constitutes a large element in determining and greatly increases the price paid for such stock at such sales, and if such right is not protected such element of value is destroyed.

Clearly the plaintiff obtained by the purchase of a part of the stock no exclusive right to advertise and prevent the defendant from advertising the sale of such portion as it purchased.

The chief complaint of plaintiff's counsel seems to be that the advertisement of the defendant, displayed as it was in part in large type, was calculated to deceive. We cannot agree with counsel for plaintiff in this regard. We are satisfied that upon the undisputed facts no case was made, hence the preliminary injunction was improvidently granted, and the order must be reversed.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings according to law.