STATE, Respondent, v. FREIBERG, Appellant.

*May 12—June 6, 1967.*

For the appellant there was a brief and oral argument by *Dennis J. Purtell of Milwaukee.*

For the respondent the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county,

with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

HEFFERNAN, J.

*Was there sufficient evidence to establish the wilfulness of defendant's failure to support?*

The burden of proof in a nonsupport case is the same as in any criminal matter—proof of guilt beyond a reasonable doubt. This court recently said in *Gauthier v. State* (1965), 28 Wis. (2d) 412, 415, 137 N. W. (2d) 101, that:

"The burden of proof upon the state is the same whether the case is tried before a jury or before a court. That burden is to prove the defendant guilty beyond a reasonable doubt. The test applied upon appeal to this court is whether the 'evidence adduced, believed and rationally considered by the jury, was sufficient to prove the defendant's guilt beyond a reasonable doubt.' "

A portion of the proof required in a nonsupport case is supplied by a statutory presumption. Sec. 52.05 (6), Stats.,[1] makes proof of the desertion *prima facie* evidence of wilfulness. Hence, if all the other elements of the crime have been proved, wilfulness is established beyond a reasonable doubt by the statutory presumption.

The defendant concedes this and, for the purpose of the appeal, "admits that his failure to support his children constitutes . . . *prima facie* case of abandonment." He

---

[1] Sec. 52.05 (6), Stats., provides in part:

"Proof of the desertion of such wife, child or children in destitute or necessitous circumstances or of neglect or refusal to provide for the support and maintenance of such wife, child or children shall be prima facie evidence that such desertion, neglect or refusal is wilful. Substantial failure by said person to provide for such support or maintenance prior to the date when complaint is made under this section shall be prima facie evidence of intent hereunder."

contends, however, that the presumption is rebuttable and, no doubt, it is. His contention by way of rebuttal is that he is a chronic alcoholic and that this condition is an illness or a disease that prevented him from keeping any employment and from supporting his family.

We do not disagree with the appellant's premise. If sufficient facts were established to show that the defendant was an alcoholic in a medical sense, and that such alcoholism prevented the defendant from working, we would conclude that the defendant lacked the physical capacity to work. As we have said in *Zitlow v. State* (1934), 213 Wis. 493, 496, 252 N. W. 358:

". . . the defendant must not only have had the capacity to work but must have wilfully and without just cause neglected and refused to adopt this means of supporting his family."

However, defendant falls far short of the proof required to outweigh the *prima facie* evidence of wilfulness that the statute imputes from the fact of desertion. There was evidence that the defendant was a heavy drinker and that he had been for years. While his former wife referred to him as an "alcoholic," it is apparent that by this she meant that he was frequently under the influence of liquor. This, however, is not the accepted medical definition of alcoholism,[2] although it may be descriptive of one of the usual symptoms. As the defendant's attorney correctly points out, it is generally now believed by the medical profession that alcoholism is a disease. This, however, is a matter of expert medical opinion that should be proved by a physician and not by a layman. Were proper medical proof submitted showing that because of the excessive and prolonged use of intoxicating liquor the defendant was an alcoholic and

---

[2] "**Alcoholism.** In medical jurisprudence, the pathological effect (as distinguished from physiological effect) of excessive indulgence in intoxicating liquors." Black's Law Dictionary (4th ed.), p. 93.

that condition deprived him of the capacity to work, we could not then permit a court or jury to rely upon the statutory language making the desertion *prima facie* evidence of intent without considering the rebutting evidence. Under the facts of this case, however, we conclude that the trial judge correctly summarized the evidence when he stated:

"The Court feels that under the facts and circumstances of this case this proposition that you ask the Court to accept is not applicable. . . . This is a man who has the physical ability to work. Certainly the Court takes judicial notice of the fact that many employers in this community would welcome this man being employed by them, if he is able to stay sober. The fact that he would rather spend his time drinking than accepting his responsibilities to his family and to his community, to this Court it is not a defense."

*Was the evidence sufficient to support the verdict finding that defendant's failure to support his family left them in "destitute or necessitous circumstances"?*

The essence of the defendant's argument is that, since his former wife was industrious enough to get a job and support the children, he should be exonerated even though it is conceded that, but for the mother's working, the children would have been left in "destitute or necessitous circumstances." We cannot agree with defendant's contention, and this court has heretofore set policy guidelines which control this case. In *Brandel v. State* (1915), 161 Wis. 532, 534, 154 N. W. 997, wherein the defendant was convicted of failure to support his wife and child, it was contended that they were not in "destitute or necessitous circumstances," due to the wife's ownership of certain property and the fact that the abandoned family received certain support from others. This court held that the statute was:

". . . enacted for the very purpose of compelling a husband to support his wife when of sufficient ability to do so . . . . In measuring the support owing to a wife under the statute due regard should be had to the station in life occupied by her, and what the husband can reasonably contribute out of property already acquired or out of his earnings, or both."

This court has construed the main purpose of our non-support statute to be to force husbands or parents to assume their duty to support their families and, to promote this construction, has adopted a liberal reading of "destitute or necessitous." The fact that the father's default did not precipitate his children's immediate descent to "the lowest scale of mere human existence" (*Brandel v. State, supra,* p. 535) or require them to seek public welfare or private charity should not furnish a defense for him. Punishment for wilful failure to support one's own children should not be stayed by the fortuitous existence of public or private charity or by a divorced spouse's industry in providing some measure of the child support that might have been expected from the defaulting father. The fact remains that, as of the instant of the husband's desertion of his duty, but for the wife's and children's income, this family most assuredly would have been "destitute or necessitous." A father has a duty to support his family and is not relieved of that duty by the fact that others assume it for him. Wilfully abandoning this duty and forcing others to assume it is made criminal by the statutes.

The evidence is sufficient to establish that the defendant's failure to support his minor children left them in "destitute or necessitous circumstances," as such term is used in sec. 52.05 (1), Stats.

*By the Court.*—Judgment and order affirmed.