304 So.2d 230

**Gary JONES**

**v.**

**STATE.**

**8 Div. 485.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Rehearing Denied Oct. 29, 1974.

William H. Rogers, Moulton, for appellant.

William J. Baxley, Atty. Gen. and Leon Ashford, Asst. Atty. Gen., for the State.

**730**

CATES, Presiding Judge.

Revocation of probation: sentence of eight years for second degree burglary ordered to be executed.

The sole ground assigned (in alternative form) is that there was not sufficient evidence to support the judgment of revocation. The delinquency report was deficient as evidence because it was a mere conclusory short form pleading without any supporting sworn depositions. However, no objection was made, nor was there any assignment of error taken on appeal.

■ One of the express conditions of probation was that Jones "not use nor possess any intoxicating liquor." This condition is a "bone-dry" one and admits of no relativity as to the quantity consumed or possessed. The wisdom of this was between the court and the defendant at the time when Jones first sought to avert suffering durance vile. We cannot characterize it as arbitrary or unreasonable. Often drinking lets down inhibitions, particularly with certain persons.

■ The State elicited testimony of Officer Kenneth Mitchell of the Moulton Police Department that he, Mitchell, smelled the odor of alcohol "off" Jones's breath. Jones denied that it came from his breath, rather one of his fellow travellers had tried to jettison a can of beer with the result that some of the brew sloshed on Jones.

This conflict presented a question of fact resting on the credibility of the two witnesses. The policeman's testimony on the record before us was sufficient to reasonably satisfy the court below that Jones had in fact, on the occasion, used an intoxicating liquor.

The judgment below is

Affirmed.

All the Judges concur.