THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD VIRGIL BAYLOR, Defendant-Appellant.

(No. 73-231;

Second District—November 8, 1974.

George Pease, Public Defender, of Waukegan (Michael J. Boyd, Assistant Public Defender, of counsel), for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE LEWIS delivered the opinion of the court:

The defendant on September 26, 1972, after being convicted by a jury of the offense of forgery, was sentenced to 5 years probation with his residence to be the Half-Way House. One of the conditions of the defendant's probation was that he would abide by the rules and regulations of the Half-Way House.

On October 7, 1972, the defendant drank alcholic liquor in his room at the Half-Way House in contradiction of the rules and regulations. A petition to revoke the defendant's probation was filed on October 11, 1972. The defendant on October 16, 1972, after being turned down, after a job interview, went to a tavern and drank alcoholic liquor for about 2½ hours, which he later advised a counselor of his drinking. That same day the defendant flew to Louisville, Kentucky, to live with his sister and brother-in-law. On October 23, 1972, a supplemental petition for revocation of defendant's probation was filed. The defendant subsequently was arrested, waived extradition and was returned to Illinois.

On March 16, 1973, the defendant's probation was revoked and he was sentenced to a term of 3⅓ years' to 10 years' imprisonment.

The defendant makes the novel argument that the trial court abused its discretion in revoking the defendant's probation even though it is conceded that the defendant violated some of the terms of probation on several occasions. The defendant reasons that once the trial court recognized that the defendant had a problem with alcohol and prescribed a program for treatment, then the trial court must allow time to receive benefits from the program. In this case the defendant's first violation occurred prior to receiving any counseling for alcoholism and his second violation occurred shortly after the program commenced.

■■ The Unified Code of Corrections grants broad discretionary powers to the trial court in dealing with offenders. The Code provides in section 5—6—4(e) that, "If the court finds that the offender has violated a condition  *  *  *  it may continue him on the existing sentence, with or without modifying or enlarging the conditions, or may impose any other sentence that was available under Section 5—5—3 at the time of initial sentencing." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(e).) The courts have also granted the trial court a great amount of discretion in dealing with violators of probation. *People v. Crowell,* 1 Ill.App.3d 868, 870, 276 N.E.2d 508 (1971).

The defendant does not have a constitutional right to probation. (*People ex rel. Ward v. Moran,* 54 Ill.2d 552, 301 N.E.2d 300 (1973); *People v. Molz,* 415 Ill. 183, 188, 113 N.E.2d 314 (1953).) Nor does this court find that the defendant has any statutory right or vested interest in probation merely because the trial court established a program to treat the defendant's alcoholism.

■■ The trial court repeatedly warned the defendant of the conduct required of him on probation. The defendant admits that he violated the terms of his probation. Thus, clearly the trial court did not abuse its discretion in revoking the defendant's probation and sentencing him to the penitentiary. *People ex rel. Ward v. Moran,* 54 Ill.2d 552, 301 N.E.2d 300 (1973).

The Defendant next contends that the sentence of from 3⅓ years' to 10 years' imprisonment for the offense of forgery was excessive. He contends that forgery is a nonviolent crime and that the defendant is an alcoholic, who could best be rehabilitated by the parole authorities. The defendant admits that the sentence is within the statutory limits under the Unified Code of Corrections. Ill. Rev. Stat. 1973, ch. 38, pars. 17—3, 1005—8—1.

■■ A reviewing court will not alter sentence imposed by a trial court

in the absence of a manifest abuse of discretion. (*People v. Bonner,* 37 Ill.2d 553; 229 N.E.2d 527; *People v. Bennett,* 9 Ill.App.3d 1021, 293 N.E. 2d 687.) The defendant, according to the record, had been convicted of robbery in 1968, escape in 1970, and now forgery. He had spent time as a child in state institutions primarily due to his illegal and antisocial conduct. He, of course, could not abide by the rules of the Half-Way House for even 1 month. The trial court did not abuse its discretion in imposing a minimum sentence of 3⅓ years. *People v. Taylor,* 33 Ill.2d 417, 211 N.E.2d 673, 677; *People v. Burbank,* 53 Ill.2d 261, 291 N.E.2d 161, 169.

Judgment affirmed.

DIXON and A. SCOTT, JJ., concur.