THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARLTON ROBERT WARD, Defendant-Appellant.

(No. 12691;

Fourth District—October 16, 1975.

SIMKINS, P. J., dissenting.

Donald G. Adams, of Quincy, for appellant.

Robert J. Bier, State's Attorney, of Quincy (Jerry L. Brennan, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In 1970, defendant entered a plea of guilty to the offense of indecent liberties with a child. His motion for probation was granted conditioned upon serving 9 months in the Illinois State Penal Farm at Vandalia. A petition to revoke this probation was granted on September 17, 1973. On October 11, 1973, defendant was sentenced to 4 to 5 years' imprisonment as a result of the probation revocation. Defendant appeals, contending the sentence should be vacated and the case remanded for resentencing.

The record clearly discloses that the trial court believed defendant's rehabilitation could best be accomplished by a combination of periodic imprisonment and psychiatric treatment. However, the court concluded that this disposition was not an option under section 5—6—4(e) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(e)), because periodic imprisonment was not available as a sentencing alternative at the time of defendant's initial sentencing hearing.

Defendant's probation revocation is governed by the provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*). Section 5—6—4(e) of the Unified Code of Corrections in subsection (e) states:

> "If the court finds that the offender has violated a condition at any time prior to the expiration or termination of the period, it may continue him on the existing sentence, with or without modifying or enlarging the conditions, or may impose any other sentence that was available under Section 5—5—3 [Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—3] at the time of initial sentencing."

Sentences of periodic imprisonment or conditional discharge are possibilities available to the court under section 5—5—3(d)(1) of the Unified Code of Corrections. However, it was the trial court's belief that section 5—6—4(e) required it to consider only those sentences available to it in December 1970 when defendant was initially sentenced. Other than probation, a defendant convicted of indecent liberties with a child could only have been sentenced to a term of imprisonment under the Criminal Code of 1961. (Ill. Rev. Stat. 1969, ch. 38, par. 11—4(c).) The court ruled out further probation for defendant.

■■ The trial court was in error in applying this restricted interpretation of the sentencing alternatives available upon a finding of probation violation. Under the doctrine set forth by our supreme court in *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1, and *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269, all of the sentencing alternatives available under section 5—5—3 of the Code could have been considered by the trial court in sentencing defendant upon his probation revocation. As recognized by

the trial court, some of the alternatives available under section 5—5—3 were nonexistent at the time of defendant's original conviction and sentencing hearing. For purposes of *Chupich, Harvey*, and the Code, these alternatives can be considered to be "less than under the prior law" (Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4), and, therefore, available to the court for its consideration.

■■ We reach a similar result under our statute on statutes, which provides in section 4:

> "If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect." (Ill. Rev. Stat. 1973, ch. 131, par. 4.)

The punishment provisions of the Unified Code of Corrections are applicable to sentencing after a probation revocation in this case because sentencing here constitutes a judgment after the new Code provisions take effect. (*People v. Hansen*, 28 Ill.2d 322, 192 N.E.2d 359.) Under pre-Unified Code of Corrections law, probation was not a sentence. (*People v. Gentry*, 5 Ill.App.3d 1088, 284 N.E.2d 428; *People v. Dickinson*, 13 Ill. App.3d 469, 300 N.E.2d 294.) Instead, it was a suspension of the sentence. (*Gentry*.) Under the Code of Criminal Procedure of 1963, a "judgment" meant the adjudication by the court that the defendant was guilty or not guilty, and if guilty, it included the sentence pronounced by the court. (Ill. Rev. Stat. 1969, ch. 38, par. 102—14.) For purposes of defining "judgment" as used in the statute on statutes, there was not yet a judgment when the Unified Code of Corrections took effect on January 1, 1973. (This is not to overlook the special provision in the Code of Criminal Procedure of 1963 that allowed an appeal from a judgment of guilty when probation was granted. (Ill. Rev. Stat. 1969, ch. 38, par. 117—1(d).)) Therefore, defendant should have been given the choice of having the Unified Code of Corrections' sentencing provisions applied to his probation revocation under section 4 of the statute on statutes.

Section 5—5—3 was applied by the court in *People v. Baylor*, 23 Ill. App.3d 309, 319 N.E.2d 112, to a factual situation not unlike this case. In *Baylor*, the original conviction occurred before the effective date of the Unified Code of Corrections, with probation revocation occurring subsequent to its date of applicability. In sentencing defendant under section 5—6—4(e)'s mandate that the sentences available under section 5—5—3 be applied, the court looked to the imprisonment terms contained in section 5—8—1 instead of applying the pre-Code sentences which were greater. A similar result was reached in *People v. Stillwell*, 23 Ill.App.3d 796, 320 N.E.2d 120.

Section 5—6—4(h) of the Code (Ill. Rev. Stat. 1973, ch. 38, par.

1005—6—4(h)) did provide for mandatory credit for time served on probation. Now, however, under that same section, effective July 1, 1974, credit for time served is given unless the court orders otherwise. Thus, in the context of this case, periodic imprisonment without credit for time served on the prior probation is a sentence alternative mitigated by the new Code of Corrections and under the cited section of the statute on statutes is optionally available as a sentence alternative. Accordingly, we hold that such sentence alternatives are available to the trial court if used with the consent of the party affected. In view of the stated preference by the court for such disposition, and the clear indication that such would be preferable so far as the defendant is concerned, we vacate the sentence and remand this cause to the circuit court of Adams County for imposition of a new sentence.

. Conviction affirmed; sentence vacated; cause remanded.

GREEN, J., concurs.

Mr. PRESIDING JUSTICE SIMKINS, dissenting:

I agree with the court's decision insofar as it states that the trial judge could consider, upon revocation of probation, sentencing alternatives available under the Unified Code of Corrections. However, I do not believe that the alternative of periodic imprisonment was or is available to the trial judge in this case.

At the time of the probation revocation proceedings, defendant had served well over two years' probation. Section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)) provided that time served on probation "shall be credited  *  *  * against a sentence of  *  *  * periodic imprisonment  *  *  *." Since the maximum time for periodic imprisonment is two years (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(b)(1)), the mandatory credit provisions would have prohibited such a sentence. This court holds that periodic imprisonment is now available because of a change, effective July 1, 1974, that time on probation is credited "unless the court orders otherwise." This provision is available only if it is less than under prior law. (Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4.) A change from mandatory to discretionary credit cannot, in my opinion, be considered less harsh. Nor do I believe that the section of the statute on statutes cited by the majority (Ill. Rev. Stat. 1973, ch. 131, par. 4) supports the decision. The discretionary credit provision does not mitigate defendant's sentence, and it is that provision which must be applied.

On remand, the trial judge, in order to sentence defendant to periodic imprisonment, would have to deny credit for time spent on probation.

I do not see how it can be argued, in construing section 5—6—4(h), that denial of credit is less harsh than allowance of credit.

Accordingly I would affirm the sentence imposed.