PETTIT, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–359–CR. Argued June 4, 1976.—Decided June 30, 1976.*
(Also reported in 243 N. W. 2d 223.)

For the plaintiff in error there was a brief and oral argument by *Howard B. Eisenberg,* state public defender.

For the defendant in error there was a brief by *Bronson C. La Follette,* attorney general, *F. Joseph Sensenbrenner, Jr.,* and *James H. McDermott,* assistant attorneys general, and oral argument by *Gary S. Carlson,* assistant attorney general.

ROBERT W. HANSEN, J. Two issues are raised on this appeal, the first involving an issue as to the facts, the second involving a question of law.

The issue of fact is whether there was sufficient evidence to support the jury's finding that the defendant did not have just cause for his failure to provide for support and maintenance of his four-year-old daughter.[1] The defendant was ordered to pay $76 a month for the support of his daughter in a final decree of divorce

---

[1] Sec. 52.05 (1), Stats., providing: "(1) PENALTY. Any person who, without just cause, deserts or wilfully neglects or refuses to provide for the support and maintenance of his wife or child under 18 years (legitimate or born out of wedlock) in destitute or necessitous circumstances shall be fined not more than $500, or imprisoned not more than 2 years, or both. . . ."

entered on July 16, 1973. That he made no payments whatsoever for the support of the daughter until April 15, 1974 is conceded. The abandonment statute "penalizes the wilful refusal to support."[2] So the prosecution must prove that the here admitted failure to provide child support was "wilful" and "without just cause."[3] Here the proof was that the defendant, in July and August, 1973, earned $573. In September and October, 1973, defendant earned $190, and in March, 1974, defendant earned $660. Thus over this nine-month period defendant earned at least $1,423, and during such period of time he made no payment of any kind for the support of his child. In November of 1973, the mother and daughter began receiving public welfare assistance. This record of admitted earnings with no child-support payments made is sufficient to support the jury verdict. On this record of earnings earned and no payments made we need not go further to discuss the obligation of one obligated to support children to seek and secure employment to the extent necessary to pay court-ordered child-support payments.[4] Here, on the basis of what this defendant did earn and what he did not pay, there is sufficient evidence in this record to support the jury finding.

---

[2] *Zitlow v. State* (1934), 213 Wis. 493, 496, 252 N. W. 2d 358.

[3] *See:* Sec. 52.05 (6), Stats., and *State v. Freiberg* (1967), 35 Wis. 2d 480, 483, 484, 151 N. W. 2d 1, this court holding: "Sec. 52.05 (6), Stats., makes proof of the desertion *prima facie* evidence of wilfulness. Hence, if all the other elements of the crime have been proved, wilfulness is established beyond a reasonable doubt by the statutory presumption.

"The defendant concedes this and, for the purpose of the appeal, 'admits that his failure to support his children constitutes . . . *prima facie* case of abandonment.' He contends, however, that the presumption is rebuttable and, no doubt, it is."

*See also: State v. Russell* (1968), 73 Wash. 2d 903, 908, 442 Pac. 2d 988.

[4] *See: Zitlow v. State, supra,* at page 496.

■ The issue of law is whether the trial court had statutory authority to order the judgment of conviction withdrawn and to substitute an order for support for the sentence imposed and stayed. The statute relied upon by the defendant provides that a trial court, after conviction and "instead of imposing the penalty" of fine or imprisonment or both, "shall have the power to make an order . . . directing the defendant to pay a certain sum weekly, semimonthly, monthly, or as the circumstances may permit. . . ."[5] The statute clearly and expressly provides that such alternative disposition of a court order for support payments is to be "instead of" fine or imprisonment. The statute does not authorize a judge to impose a sentence of fine or imprisonment or probation and then, subsequently, to withdraw such disposition in favor of a court order for support. Our court has viewed with disfavor the idea of retractable prison sentences, initially imposed and then withdrawn in favor of a more lenient disposition.[6] We do not need these cases to point out that the statute here makes available several dispositions. The trial court may, in a reasonable exercise of judicial discretion, select among them. Having made such selection (here for a sentence

---

[5] Sec. 52.05 (4), Stats., providing: ". . . Before the trial, with the consent of the defendant, or at the trial, on entry of a plea of guilty, or after conviction, instead of imposing the penalty hereinbefore provided or in addition thereto, the court in its discretion, having regard to the circumstances, and to the financial ability or earning capacity of the defendant, shall have the power to make an order, which shall be subject to change by the court from time to time, as circumstances may require, directing the defendant to pay a certain sum weekly, semimonthly, monthly, or as the circumstances may permit, for a period not exceeding 2 years, to the wife or to the guardian, curator or custodian of the said minor child or children, or to an organization or individual approved by the court as trustee; . . ."

[6] See: State v. Foellmi (1973), 57 Wis. 2d 572, 205 N. W. 2d 144; State v. Wuensch (1975), 69 Wis. 2d 467, 230 N. W. 2d 665.

of imprisonment imposed and stayed with the defendant placed on probation), the trial court is without statutory authority to set aside such sentence and reach back to substitute the "instead of" alternative earlier rejected. In the case before us, one year after conviction, the defendant filed a motion asking that the trial court withdraw the judgment and sentence imposed, and substitute a court order for support, relying on sec. 52.05 (4), Stats. Under such section, that motion came too late and the trial court lacked authority to grant the relief sought.

*By the Court.*—Judgment and orders affirmed.