SIMMONS, Retired Circuit Judge.
Appellant-defendant appeals from a judgment at nisi prius that revoked his probation.
The probation had reference to a judgment on a plea of guilt to an indictment for possessing marijuana. The sentence was one year in the county jail. Probation was ordered February 1, 1974, and covered a period of two years.
Hence, the expiration date was February 1, 1976.
It appears in the judgment, dated October 31, 1975, (within the probation period) that probationer, Michael B. Russell,
“ * * * is delinquent as such, has violated the terms and conditions of probation, has absconded, has failed to make reports to probation officer, is reputed to have violated the criminal laws, has been idle and not gainfully employed, has been drinking intoxicating liquors and consorting with associates of bad repute and *1161 that a hearing should be had to determine whether probation herein should be revoked or other action taken by the Court.”
The judgment also reads:
“It is therefore the order and judgment of the court and it is ordered and adjudged by the court that probationer, Michael B. Russell, is herein delinquent as such, and that probationer be, and hereby is, declared delinquent and that the running of probationers probationary period be and hereby is stopped and that capias and warrant forthwith issue for arrest of probationer and that when apprehended probationer be brought before the court for hearing for the determination of the truth of the charges made against probationer herein and what action should be taken by the court and whether probation herein should be revoked and order suspending sentence herein set aside. Done and ordered this the 31st day of October 1975.” (Emphasis added.)
* * * * * *
“Case continued to March 5, 1976. Done January 9, 1976.
“Defendant, Michael B. Russell, appears with his attorney, the Honorable William Conway. The District Attorney advises that the defendant has been indicted on the offense giving rise to these proceedings and moves the continuance of this hearing until after disposition of new case. Hearing continued to be reset. This the 5th day of March 1976.”
It next appears that appellant was brought before the Court on March 5, 1976, at which time, on motion of the State, the case continued pending disposition of an indictment. The entry shows the case was to be reset.
It next appears in the judgment that defendant was brought before this Court on October 18, 1976, (according to the record before us), and the hearing on the violation was set for November 22, 1977. It was heard on that date at which time the Court, after hearing the testimony, determined that defendant had violated the terms of his probation. The Court ordered the probation revoked and that defendant serve his jail sentence. Appeal was taken.
Deputy Sheriff Roger Beam, a witness for the State, testified that appellant-defendant, on July 31, 1975, was driving on a public highway in Blount County while intoxicated. At the time Beam requested that defendant step out of the car. Beam smelled marijuana smoke in the car. The witness further testified that he then arrested defendant for D.W.I. Beam was unaware of the disposition of the case.
Also introduced was a court record that defendant plead guilty to driving while intoxicated and was fined $100.00.
We think the record amply supports the Court’s judgment in revoking appellant’s parole. We find no error in the record.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.