STATE EX REL. MULLIGAN, Petitioner-Appellant, v. DE-
PARTMENT OF HEALTH & SOCIAL SERVICES, Respon-
dent.

Supreme Court

*No. 76–177. Argued October 31, 1978.—Decided January 9, 1979.*
(Also reported in 273 N.W.2d 290.)

For the appellant the cause was argued by *Richard M.
Sals,* assistant state public defender, with whom on the
brief was *Howard B. Eisenberg,* state public defender.

For the respondent the cause was argued by *James H.
Petersen,* assistant attorney general, with whom on the
brief was *Bronson C. La Follette,* attorney general.

SHIRLEY S. ABRAHAMSON, J. This is an appeal
from a judgment affirming a decision of the Wisconsin
Department of Health and Social Services to revoke the
probation of Barry Charles Mulligan. We affirm the
judgment.

Mulligan was found guilty of indecent behavior with a
child contrary to sec. 944.11(2), Stats., and was sen-
tenced to a prison term not to exceed eight years. Sen-
tence was stayed, and Mulligan was placed on four years'
probation to the Milwaukee County Adult Probation De-

partment. In December, 1973, the trial court transferred Mulligan to the custody of the Department of Health and Social Services (DHSS).

The record shows that Mulligan was an alcohol abuser. While in the custody of the Milwaukee County Adult Probation Department he was frequently arrested and fined for drunkenness. It appears that on the advice of a counselor with the Milwaukee Alcoholic Rehabilitation Services, Mulligan voluntarily committed himself for three weeks of treatment.

Shortly after he was transferred to the custody of DHSS, Mulligan signed a standard-form probation agreement to which his probation agent had appended two special conditions: (1) "I will not partake of any alcoholic beverages unless so directed by a licensed physician; (2) I will maintain my residence at Dunbar House [a half-way house]—I will first request permission to move from the agent should I wish to move out." On January 27, 1974, less than a month after signing the agreement, Mulligan was hospitalized in a comatose state, purportedly having ingested barbiturates and alcohol. On the basis of Mulligan's admission that he had had a few drinks, his probation agent recommended that probation be revoked for violation of the condition of probation. Mulligan was accorded both a "probable cause" preliminary hearing and a full hearing at which he was represented by counsel. Mulligan's defense was that he had not violated the no-alcohol condition. He denied telling his probation agent that he had drunk beer, and he asserted that his behavior must have been the result of his ingestion of a combination of antabuse and a prescribed hiccup medicine containing alcohol. He was unable to produce a prescription for the medicine. The DHSS revoked Mulligan's probation on the ground that

Mulligan had consumed alcohol in violation of his probation agreement.[1]

Mulligan sought review of the revocation order by means of a petition for writ of certiorari directed to the sentencing court. *State ex rel. Johnson v. Cady,* 50 Wis.2d 540, 549, 550, 185 N.W.2d 306 (1971). The trial court upheld the probation revocation.

On appeal Mulligan asserts that it was a violation of his constitutional rights (Eighth and Fourteenth Amendments) to impose as a condition of his probation that he not partake of alcoholic beverages without providing him with treatment for chronic alcoholism. He contends that imposing a no-alcohol condition of probation on a chronic alcoholic and revoking probation when the alcoholic yields to his irresistible compulsion to drink amounts to punishment for being ill, contrary to the principles established in *Robinson v. California,* 370 U.S. 660 (1962),[2] and *Powell v. Texas,* 392 U.S. 514 (1968).[3] Mulligan relies on *Sweeney v. United States,* 353 F.2d 10 (7th Cir. 1965), in which the Court of Appeals held that conditioning probation on abstinence would be unreasonable if it were impossible for the probationer to comply with the

[1] Although Mulligan has now regained his freedom from incarceration, being currently out on parole, this case is not moot. If we were able to find in Mulligan's favor, Mulligan would be entitled to be free from the custody of the State of Wisconsin. *See Hahn v. Burke,* 430 F.2d 100 (7th Cir. 1970) *cert. denied* 402 U.S. 933. We therefore decide the case on the merits.

[2] The United States Supreme Court in *Robinson v. California,* 370 U.S. 660 (1962) set forth the broad principle that an individual may not be punished simply for his status or condition of being a drug addict.

[3] The United States Supreme Court addressed the question of alcohol addiction in *Powell v. Texas,* 392 U.S. 514 (1968). A divided court affirmed a conviction imposing a fine on an habitual alcohol abuser found intoxicated in a public place.

condition.[4] In *Sweeney,* the court found evidence in the record that the trial court knew of the probationer's history of chronic alcoholism and was aware of the possible pathological nature of alcoholism. The court remanded the case to the trial court with directions to conduct a hearing. At the hearing expert testimony presumably would be taken on the question of whether it was possible for Sweeney to refrain from drinking.[5]

The facts before the court in the case at bar, however, do not require that we decide today whether it is unconstitutional to revoke the probationary status of one who ·has a condition or disease which makes it impossible for him to refrain from complying with a no-alcohol condition of probation. While there is in the record evidence that Mulligan habitually abused alcohol, there is no showing that Mulligan was a chronic alcoholic, that is, that he was an "involuntary drinker," that his self-determination and will power were wholly destroyed and that he was unable to control his use of alcohol.[6] *Powell v. Texas,* 392 U.S. at 518. Mulligan did not introduce any expert

---

[4] Several courts have refused to adopt this position. *See Sobota v. Williard,* 247 Ore. 151, 427 P.2d 758, 759 (1967); *Upchurch v. State,* 289 Minn. 520, 184 N.W.2d 607 (1971). *See also People v. Baylor,* 23 Ill. App.3d 309, 319 N.E.2d 112 (1974); *Martin v. State,* 517 P.2d 1399, 1402 (Alaska 1974); and *Jones v. State,* 8 Div. 485, 304 So.2d 230 (Ala. 1974).

[5] The court also required that the district court investigate the possibility of affording treatment for alcoholism to the probationer. Mulligan interprets *Sweeney* as holding that a no-alcohol condition may not constitutionally be imposed on a probationer suffering from alcoholism without first providing him with treatment. This court has not thus interpreted *Sweeney. See Ramaker v. State,* 73 Wis.2d 563, 568, 243 N.W.2d 534 (1976).

[6] *See State v. Oyler,* 92 Idaho 43, 436 P.2d 709 (1968); *Flinchum v. Commonwealth of Virginia,* 346 F. Supp. 17, 19–20 (W.D. Va. 1972); and *United States v. Miller,* 549 F.2d 105 (9th Cir. 1976). In these cases there was evidence that the probationer was prone to alcohol abuse but no evidence that the probationer was a chronic alcoholic.

testimony as to his being a chronic alcoholic. *State v. Freiberg,* 35 Wis.2d 480, 484, 151 N.W.2d 1 (1967). Moreover there is no evidence that at the time the special condition was imposed the probation agent believed or had reason to believe that Mulligan's drinking was non-volitional and uncontrollable. Mulligan did not protest the imposition of the condition or suggest to the agent that it would be impossible for him to abide by it. Although the record is not entirely clear on this point, it appears that Mulligan had recently completed treatment for his alcoholic problem, and thus the decision to impose the special condition may have been especially timely. The no-alcohol condition was reasonable in view of the fact that Mulligan's troubles with the law, including the felony conviction, were alcohol related. Mulligan made no attempt at the revocation hearing to show that he was pathologically unable to refrain from drinking. Rather, Mulligan's defense was simply that he had not violated the condition.

Mulligan asks in the alternative that we remand this case to the trial court for the taking of expert testimony relating to his being a chronic alcoholic. We elect not to remand the case. Mulligan had ample opportunity to assert the defense of non-volitional drinking. There is no indication that he wished to do so. Even though he was directly asked at the revocation hearing what he thought about the no-alcohol condition of probation, he did not at that opportunity assert that he doubted his ability to comply with the condition. Undoubtedly Mulligan had second thoughts about the defense he asserted at his hearing after probation was revoked and he was incarcerated, but we do not think it reasonable for this court at this late date to give him the opportunity to put his second thoughts to the test.

*By the Court.*—Judgment affirmed.

COFFEY, J., took no part.