This appeal is from an order of the circuit court of Walker County revoking appellant's probation for violation of a condition of his probation.
On October 22, 1984, appellant pleaded guilty to a charge of theft in the second degree and attempting to receive stolen property. Appellant was sentenced to one term of two years and one term of twelve months, respectively, the sentences to run concurrently.
Pursuant to a split sentence arrangement, the appellant served eleven months in the Walker County Jail, with the remaining thirteen months to be served on probation. While on probation, the appellant was found to have violated a condition of his probation, and therefore, his probationary sentence was revoked.
Appellant's probation officer testified that he had received information that appellant was on a drunken spree, had hit his father on the head with a 2 X 4 board, and "was generally out of control." The probation officer testified that he saw appellant's father shortly after the incident and that he was bloodied "and had a knot on his head." Appellant was arrested shortly thereafter. The probation officer testified that the appellant was visibly intoxicated.
Appellant was taken to the Walker County Jail, where he was served with a copy of his probation violation report. Appellant's probation was revoked by an order of the Circuit Court of Walker County, hence this appeal.
 I
Appellant contends that the court erred in revoking his probation because the arresting officer, who was not the probation officer, did not obtain an arrest warrant or written statement from appellant's probation officer setting out the alleged probation violations. Appellant relies on § 15-22-54
(c) and (d):
 "(c) At any time during the period of probation or suspension of execution of sentence, the court may issue a warrant *Page 125 
and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence.
 "(d) Except as provided in chapter 15 of Title 12 of this Code, any probation officer, police officer or other officer with power of arrest, upon the request of the probation officer, may arrest a probationer without a warrant. In case of an arrest without a warrant, the arresting officer shall have a written statement by said probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation, and said statement shall be sufficient warrant for the detention of said probationer in the county jail or other appropriate place of detention until such probationer shall be brought before the court. . . ."
It is undisputed that the arresting officer did not have a warrant or a written statement by the probation officer setting out the probation violations as required by § 15-22-54 (d). However, these were not necessary under the circumstances to secure appellant's arrest. Section 15-10-3, Code of Alabama 1975, reads:
 "An officer may arrest any person without a warrant, on any day and at any time, . . .:
". . .
 "(4) When he has reasonable cause to believe that the person arrested has committed a felony, although it may afterwards appear that a felony had not in fact been committed; or
 "(5) On a charge made, upon reasonable cause, that the person arrested has committed a felony."
"The arrest of a defendant without a warrant is lawful where the arresting officer unquestionably had reasonable cause to believe that the person arrested had committed a felony." Aaronv. State, 54 Ala. App. 71, 74, 304 So.2d 625, 628 (1974);Boulden v. State, 278 Ala. 437, 179 So.2d 20 (1965). "In order for a warrantless arrest to be valid the arresting officer must have probable cause to make the arrest." Waldrop v. State,462 So.2d 1021, 1028 (Ala.Cr.App. 1984), cert. denied, ___ U.S. ___, 105 S.Ct. 3483, 87 L.Ed.2d 618 (1985). "The existence of probable cause must be determined from the facts of each case."Waldrop, supra, at 1029.
In the instant case, the arresting officer had been informed that appellant was on a violent drunken binge, and that he had attacked his father with a 2 X 4. The appellant's father was found with a bloody head injury and appellant was found nearby in a state of intoxication.
The arresting officer, examining these circumstances, had reasonable cause to believe that the appellant had committed a felony, thereby justifying his arrest.
 II
Appellant maintains that the trial court erred in revoking appellant's probation because there does not appear in the record on appeal a delinquency charge or any other type of charging instrument. Although the delinquency report itself does not appear in the record, there is evidence that a delinquency report was delivered to the appellant. From the record:
 "THE COURT: Mr. Jent, have you been served with a copy of your violation?
"MR. JENT: Yes, sir."
Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), sets out the requirements which must be met for minimum due process to be accorded the probationer before his probation can be revoked. The first requirement of Armstrong, is that "written notice to the probationer of the claimed violations of probation" is required. It is evident from the record that the written notice of the claimed violation was served on the probationer in accordance with Armstrong.
 III
Appellant contends that the trial court erred in referring to appellant's juvenile court record. The portion of the record that appellant refers to is the following:
 "THE COURT: Roy, you have been in court since you were what, fifteen? *Page 126 
"WITNESS: Yes, sir.
 "THE COURT: Seven years and you have been in court solidly for that length of time.
"WITNESS: Yes, sir."
However, the court continued:
 "THE COURT: It is the order of the Court that your probation be revoked based on the testimony of Mr. Pound and Mr. Jent that he violated his probation by consuming alcoholic beverages."
The court's statement that it relied on the testimony presented at the hearing, and not on any personal knowledge of the judge, is conclusive. Being recognized in court by an observant judge is an implied risk common to all individuals who have frequent run-ins with the justice system and it does not infringe on their constitutional rights. We are convinced from our reading of the record that the judge based his order of revocation solely on the testimony presented at the hearing.
 IV
Appellant asserts that the court erred in its order revoking appellant's probation based on appellant's failure to avoid injurious or vicious habits; he argues that drinking alcoholic beverages is not a violation of that condition. The appellant testified to the following:
 "Q: Were you explained the conditions that enabled you to be on probation and what you were to do and not to do?
"A: Yes, sir. I sure can. [sic]
"Q: Can you tell us what you were told not to do.
 "A: Yes, sir. I don't supposed to be drinking, don't supposed to be smoking pot, don't supposed to associate with no people who drinks and supposed to report in every month.
"Q: During your probation have you drank any?
"A: Yes, sir."
Appellant, by his own admission, violated a condition of his probation. Prohibiting the use of intoxicating liquors has been held to be a valid condition of probation. Jones v. State,53 Ala. App. 729, 304 So.2d 230, cert. denied, 293 Ala. 761,304 So.2d 231 (1974). Violation of the terms of probation will sustain an order revoking probation. Russell v. State,359 So.2d 1160 (Ala.Cr.App.), cert. denied, 359 So.2d 1161 (Ala. 1978); Hill v. State, 350 So.2d 716 (Ala.Cr.App. 1977).
 V
Appellant argues that the court improperly relied on hearsay testimony in revoking his probation. This contention is factually incorrect. C. Gamble, McElroy's Alabama Evidence, § 242.01 (3d ed. 1977), defines "hearsay evidence" as follows:
 "Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter."
The evidence relied on at the hearing consisted of the appellant's admission that he had violated a condition of his probation and the probation officer's observance of the appellant in a state of intoxication. The testimony was direct and conclusive and did not constitute hearsay evidence.
 VI
Appellant asserts that the trial court erred in revoking his probation because, he says, there was no official act sufficient to begin proceedings to revoke probation. Appellant cites Watkins v. State, 455 So.2d 160 (Ala.Cr.App. 1984), in which this court stated:
 "`As a practical matter, the running of the period of probation must be considered tolled when a warrant of arrest for violation of probation is issued by the court', or when a probation officer has prepared a written statement in conformance with Section 15-22-54 (d) and delivered it to an officer with arrest powers along with a request to arrest the *Page 127 
probationer." 455 So.2d at 162, quoting Peoples v. State, 439 So.2d 774, 775 (Ala.Cr.App. 1983).
Section 15-22-54 (d), Code of Alabama 1975, as cited earlier, sets out the requirements for a warrantless arrest of a probationer believed to be in violation of a condition of his probation. The pertinent portion of that statute reads:
 "Such probation officer shall forthwith report such arrest and detention to the court and submit in writing a report showing in what manner the probationer has violated probation. Thereupon, the court, after a hearing, may revoke the probation or suspension of execution of sentence and shall proceed to deal with the case as if there had been no probation or suspension of execution of sentence."
This court has interpreted that statute as follows:
 "We think the clear intent of Section 15-22-54 (c) and (d) is to require that an official act sufficient to begin revocation proceedings be done before the end of the probation period. The probation period is not tolled until this act occurs."
(Emphasis in original). Watkins, supra, at 162.
In Watkins, this court noted that there was testimony that a warrant was issued, but, as in the instant case, there was no warrant or writing in the record before us. The state made no argument that the running of Watkins's probation was tolled.
Based on our decisions in Watkins and Peoples, supra, we must remand this case for a hearing to determine whether a warrant or written statement sufficient to begin revocation proceedings was submitted prior to the expiration of the probationary sentence. If no such warrant was issued or written statement in conformance with § 15-22-54 (d) was ever made, then the probation period was not tolled, and has by now expired.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* On October 2, 1986, the court entered the following order: Appeal abated due to death of appellant. *Page 511