Douglas F. Young, J.
This is a motion to suppress as evidence a revolver which defendant alleges is the product of an illegal search.
In a well-reasoned memorandum of law the petitioner sets forth arguments to the effect that the search exceeded constitutional bounds as it was not related to the cause of the arrest, nor was it reasonably contemporaneous, nor was it confined to the area of the arrest. He makes no reference to the issue posed by the defendant’s status as a probationer. I believe that this is the controlling factor in the situation.
The defendant had been placed on probation with the Nassau County Probation Department, under the supervision of Senior Supervisor Treuchtlinger, who testified that the probation officer in charge of the case had received information from a confidential source that the defendant was in possession of a revolver. Mr. Treuchtlinger refused to divulge the source of the information at the hearing and was sustained by this court. He testified that he made a search of court records and found that there was a traffic violation charged against the defendant probationer. Mr. Treuchtlinger had a warrant issued, based on the unanswered traffic summons. Presumably Mr. Treuchtlinger could have obtained a warrant of arrest for violation of probation for the failure to answer this summons. However, he elected to make an arrest of the probationer armed with the warrant based on the traffic violation.
Mr. Treuchtlinger testified that the defendant was found in his automobile on a street near the home of his estranged wife. He was arrested and a search of his person revealed nothing. It was a cold day and the streets were filled with snow. The police officers took the defendant to the police station and the probation officer followed in the defendant’s automobile. Officer Kramer testified that the defendant denied he had a key to the trunk of his car but a search of his person at the police station revealed the key. The key was then used by the officers to open the trunk of the car which was parked in the police station lot. A revolver was revealed which is the subject of this hearing.
I find that the search was not related to the violation which occasioned the arrest and therefore cannot be sustained as rea *572 sonable. (Agnello v. United States, 269 U. S. 20; United States v. Robinson, 325 F. 2d 391; People v. Rodrigues, 47 Misc 2d 551.) It remains to consider the effect of defendant’s status as a probationer.
There is little in the reported opinions to provide authority upon the question of the rights of a probationer. There are some cases concerning the rights of a parolee. (People v. Langella, 41 Misc 2d 65.) Whether a probationer has greater or lesser protection from an invasion of his constitutional privileges than a parolee appears to be an open question. In some instances courts have used the word “parole” in discussing a situation which involves probation (People v. Oskroba, 305 N. Y. 113, mot. for rearg. den. 305 F. Y. 696; People v. McCoy, 14 A D 2d 979) but this is not sufficient to permit an inference that the rights of the two are identical. Definitions of probation and parole are available in reported cases but these do not provide a delineation of the respective rights of the two.
However, in my opinion there is sufficient similarity between the status of the two to permit the cases concerning a parolee to be used as guidance in the cases of a probationer.
There is a division of authority on the .question as to whether a parolee enjoys the constitutional protection against unreasonable search and seizure granted to other citizens. In the California courts, the rule is that the rights of a parolee are not violated by a search of his home or effects without a warrant. (People v. Gastelum, 237 Cal. App. 2d 205; People v. Hernandez, 229 Cal. App. 2d 143; People v. Robarge, 151 Cal. App. 2d 660; People v. Triche, 148 Cal. App. 2d 198; People v. Denne, 141 Cal. App. 2d 499.)
In the decisions of Federal courts, dictum can be found stating that a parolee is entitled to constitutional protection from an illegal search and seizure. (Brown v. Kearney, 355 F. 2d 199; Martin v. United States, 183 F. 2d 436, cert. den. 340 U. S. 904.)
In People v. Randazzo (15 N Y 2d 526, 527) the parolee was arrested pursuant to a warrant specifying that he had violated his parole. He was arrested at his home and then a two and one-half hour search of his apartment was conducted (according to the dissenting memorandum). The search was sustained by the court with the simple statement: “as a parolee, [he] was deprived of no constitutional rights by the search and seizure * * * under the circumstances of this case ”. In the ease at hand the warrant of arrest was not based on the parole violation. However, I do not think that the fact that the defendant was arrested on the basis of a warrant issued for a traffic *573 violation changes the effect of the basic fact that he was a probationer, or that it alters the determination of this issue.
Were the defendant an ordinary citizen who had not been convicted of a crime, or, if a convict, if he had served his sentence either in jail or on probation, the situation would be different. However, here we have a probationer who has been granted the right to live the period of his sentence outside of prison walls. The granting of the privilege is an act of grace (Matter of People v. Mauro, 41 Misc 2d 847) which does not restore him to the status of a free citizen. For violation of conditions of probation, the privilege could be terminated. Official records showed that the defendant was wanted for a traffic violation. In addition the probation officer had received a telephone call that defendant had a revolver. True, we do not know what information the probation officer had as to the reliability of the informer. However, there existed a serious potential danger, involving a convicted person, under the supervision of the court, allegedly in possession of a dangerous weapon. The probation officer had the responsibility of dealing with this possible danger, to protect members of the community.
Probation (as well as parole) is authorized by section 5 of article XVII of the New York State Constitution. Section 932 of the Code of Criminal Procedure provides that the probationer must agree to permit visits by the probation officer. Agreeing to visits does not necessarily imply agreement to a search. Probationers in this county are required to consent in writing to certain conditions. This does not include a consent to a search of their person or of their dwellings. However, by recent statute, chapter 390, Laws of 1966, the Legislature has provided that in certain instances probationers must submit to tests to determine whether narcotics are being used. I believe that where there is some reason based either on the necessities of supervision or danger to the public the probationer and his dwelling and his automobile must be held to be subject to summary search. Any alternative involving the interposition of constitutional barriers to the strict supervision and control of probationers would render the program less useful and perhaps entirely unworkable. The ultimate result would be that courts would find it necessary to incarcerate many defendants who otherwise would obtain the benefits of probation. For example, if it had happened that the officer had received the telephoned warning and a prompt search had not been made, anddf this probationer had used his gun to injure or kill a person, the probation officer might well feel that he had failed *574 in Ms obligation of supervision, and the Judge who had placed the defendant on probation would be reluctant to extend the privilege of probation to convicted defendants thereafter.
There is an opposing viewpoint, expressed in the dissenting opinion in People v. Randazzo (15 N Y 2d 526, supra), which is entitled to great respect. In the absence of controlling authority on the issue, however, it is permissible to disagree and to take the position of the California courts (see the cases cited, supra).
Because the probationer is at liberty only by the grace of the court, the terms of his liberty can he circumscribed by the court (and its officers) to any extent necessary to protect the public and to ensure effective supervision of the probation program. In enforcing the preservation of the constitutional rights of citizens it is not the intention of the Supreme Court, I believe, to extend these protections to convicted probationers to the extent of interfering with their effective control by the lower courts or their agencies. Therefore, a probationer and his automobile are subject to search by a probation officer after arrest upon a warrant, even though it be not a parole violation warrant.
It may be argued that the probationer could be subject to persecution by an overzealous supervisor, but I do not consider this a valid objection. The same argument could be used against supervision in jail. A probation officer is under the control of the court and would be restrained by the court from unbridled and unreasonable harassment of a probationer.
In the circumstances of this case I find that no constitutional rights of the defendant were violated by the search and, therefore, that the search was legal. It is ordered that the motion is denied.