Bernard Tomson, J.
Probationer John L. Adams has raised an issue of apparent first impression on this motion for suppression of the evidence obtained upon the execution of a search order issued pursuant to the provisions of CPL 410.50 (subd. 3).
The “ search order ” is a new device in New York criminal law. CPL 410.50 (subd. 3) reads: “ Search order. If at any time during the period of probation the court has reasonable cause to believe that the defendant has violated a condition of the sentence, it may issue a search order. Such order must be directed to a probation officer and may authorize such officer to search the person of the defendant and/or any premises in which he resides or any real or personal property which he owns or which is in his possession.”
CPL 410.50 (subd. 3) requires a court to have “ reasonable cause to believe ” that a probationer has violated a condition of his probation before it may issue a search order. (Cf. CPL 690.35 and 690.40.)
CPL 70.10 (subd. 2) states: “ ‘ Reasonable cause to believe that a person has committed an offense ’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness, as to convince a person of ordinary intelligence, judgment , and experience that it is reasonably likely that such offense was committed and that such person committed it ”. (See, also, People v. Marshall, 13 N Y 2d 28, 34-35; People v. Fino, 14 N Y 2d 160, 162; cf. Raffone v. Adams, 468 F. 2d 860.)
A major fact or circumstances to be considered by the court in making its determination of reasonableness is the status of the individual. (People v. Chinnici, 51 Misc 2d 570.) The *660 parolee or probationer is still in legal custody. The custody is continuous during the period of parole or probation. (CPL 410.50, subd. 1; People v. Santos, 31 A D 2d 508; People v. Way, 65 Misc 2d 865.) Parole or probation by its very nature entails a degree of supervision to be exercised over the parolee or probationer. (CPL 410.50 subd. 2; People w Santos, supra.) Probationers and parolees are entitled to constitutional protection against unreasonable searches and seizures, but what is reasonable in the case of an ordinary “ free citizen ” is not the same as in the case of a person in legal custody and under continuing supervision. (People v. Chinnici, supra; People v. Santos, supra; People v. Way, supra; United States ex rel. Randazzo v. Follette, 282 F. Supp. 10; Practice Commentary by Peter Preiser, McKinney’s Cons. Laws of N. Y., Book 11A, CPL 410.50, p. 148.)
Reference to the leading cases dealing with searches, without court order, of parolees is appropriate. In People v. Randazzo (15 N Y 2d 526, 527), the Court of Appeals held that, “ Defendant-appellant, as a parolee, was deprived of no constitutional rights by the search and seizure which was made under the circumstances of this case ”. (Emphasis supplied.) In People v. Santos (31 A D 2d 508, 509, supra) the Appellate Division, First Department, stated: ‘ ‘ Undoubtedly he [a parolee] is subject to a search that would be impermissible in the ordinary situation.” A recent Appellate Division, Second Department case (People v. Hunt, 38 A D 2d 756), decided in January, 1972, cited both Randasso (supra), and Santos (supra), with approval in holding the search of a parolee’s apartment reasonable under the circumstances.
The CPL has not changed the status of a parolee or probationer, but rather has substantially adopted it. He is still in legal custody and subject to supervision. He is subject to constraints that an ordinary citizen is not.
A test for what constitutes “ reasonable cause ” for a search order to issue cannot be precisely stated in a single sentence or in a pat phrase. What does emerge from the statutes and cases, however, is a framework within which “ reasonable cause ” may be tested:
(1) “ Reasonable cause ” is grounded on the facts and circumstances, to be weighed collectively. A major fact to be considered is the individual’s status as a parolee or probationer.
(2) A parolee or probationer is protected constitutionally from unreasonable searches and seizures. But his status, the necessities of supervision; the ultimate objectives of parole or *661 probation, and the obligation owed to the general public must all be considered in determining reasonableness.
We must now test the facts and circumstances in this case within the framework of the foregoing.
The affidavit in support of the search order was made by Daniel Ebben, a probation officer. The affidavit was sworn to, and the search order issued, on June 14, 1972. Mr. Ebben had been apprised on June 12,1972 by an officer of the Suffolk County Police that there was a warrant issued May 26, 1972 for the probationer for his failure to appear to answer charges for possession of weapons and drugs in Suffolk. Attached to his affidavit and made a part thereof were copies of the complaint filed, the citizen’s arrest form, and the police laboratory report on the drugs seized. The reliability of this information, based on public records and the first-hand knowledge of police officers, is clear. (See People v. Ulrich, 37 A D 2d 981.) Plainly, the probationer has violated condition 13 of his probation, that he would ‘ ‘ refrain from the commission of any additional crime or offense in any State or municipality ’ ’.
Also made a part of the application was the affidavit dated June 8,1972 of a 17-year-old “ runaway ”, Janet Elise Claassen. The affidavit was quite explicit, describing wild parties at the residence of the probationer, where she personally observed the use of illegal drugs, obtained illegal drugs, and observed sexual conduct involving minors as young as 14. Detailed description and first-hand knowledge provide a substantial basis from which it is reasonable to conclude that the information was reliable (see People v. Hendricks, 25 N Y 2d 129; People v. Schnitzler, 18 N Y 2d 457; People v. Munger, 24 N Y 2d 445). Clearly, the probationer was in apparent violation of the terms and conditions of the probation order.
The cases last cited concerning the reliability and sufficiency of the affidavit are all cases testing “ probable cause ” for the issuance of search warrants. It may properly be stated that something less than “ probable cause ” for search warrants may establish reasonable cause for a search order to issue when the additional factor of the parolee’s or probationer’s status is added. Even without consideration of such a factor, the supporting papers probably here meet the requirements for establishing ‘ ‘ search warrant ’ ’ probable cause.
Based on the foregoing, the court concludes there was reasonable cause to believe the probationer had violated the terms and conditions of the probation order, and therefore the search order was properly issued.
*662 The probationer’s challenge to the original imposition of the sentence of probation of May 13,1971 is without substance.
Based on the foregoing, it is
Ordered that the defendant’s sentence of May 13, 1971 to a period of probation of three years is revoked and a sentence of one year in the Nassau County Jail with credit for time served is substituted therefor.