Isaac Rubin, J.
The defendant Gillermo Rosado has been indicted on charges of murder (two counts), robbery in the first degree, robbery in the second degree, burglary in the first degree and manslaughter in the second degree.
He originally brought on an omnibus motion for discovery, a bill of particulars, suppression and other relief. The undersigned, by decision dated March 11, 1974, granted some relief, and among other things directed the People to furnish defendant with the digest of his alleged oral confession as contained *444 in one of the police officer’s reports. The court also ordered that, immediately prior to trial, a Huntley-Miranda hearing be held as to the voluntariness of defendant’s admissions, and whether he was deprived of counsel during the custodial interrogation held at the Yonkers Police Headquarters on the evening of October 25, 1973.
The defendant Rosado now brings on another motion to suppress any statements made by him, on the specific ground that his arrest and detention were illegal, being based on what he alleges to be an improper warrant, and that, therefore, any statement obtained during such detention is inadmissible (Wong Sun v. United States, 371 U. S. 471; People v. Rodriguez, 11 N Y 2d 279, 286).
FACTS
The crimes of which defendant is accused are alleged to have occurred on October 11, 1973 in Yonkers, New York. On October 23, 1973 a Judge of the iCity Court of Yonkers issued a warrant for defendant’s arrest as a violator of probation. Shortly thereafter the defendant was arrested in Niagara Falls, New York, by the police of that city and turned over to members of the Yonkers Police Department, who had gone to Niagara Falls and who returned with defendant to Yonkers on the evening of October 25, 1973. It was shortly after his arrival at the Yonkers Police Department on that evening that defendant made the statetments that are sought to be suppressed.
LAW
The defendant contends that the warrant of arrest issued by the City Court of Yonkers was executable only in the County of Westchester, or an adjoining county (CPL 120.70, subd 2, par. [a]), and anywhere else in the State, only upon written indorsement by a local criminal court of the county in which the arrest is made (CPL 120.70, subd. 2, par. [b]; N. Y. Const., art. VI, § 1). The defendant further contends that the warrant of arrest herein not having been first so indorsed by the local criminal court of Niagara Falls, his apprehension constituted an illegal arrest.
This court can find no merit to that argument. Such indorsement is only required for a warrant of arrest served “ anywhere else in the state ” when its predicate is a criminal action commenced in a local criminal court by the filing therein of an “accusatory instrument” (CPL 1.20, subd. 17; CPL 120.20). The term “ accusatory instrument” is defined as “an indictment, an information, a simplified information, a prosecutor’s *445 information, a misdemeanor complaint or a felony complaint” (CPL 1.20, subd. 1). .
It is equally clear that the constitutional provision (art. VI, § 1), requiring indorsement of City Court process served in other than the county of issuance or an adjoining county is limited to such process, civil or criminal, necessary to acquire jurisdiction or custody over a person, and is inapplicable where a person is already in the custody and control of such court.
The Legislature gave recognition to this distinction by requiring the indorsement of a warrant of arrest only where the underlying basis therefor is an “ accusatory instrument ” which commences a “ criminal action ” in a city court (CPL 1.20, subds. 16, 17; CPL 120.20). It is also noteworthy that the Legislature in defining such a “ warrant of arrest ” (CPL 1.20, subd. 28) restricts its application to process defined in CPL 120.10, namely, “process issued by a local criminal court directing a police officer to arrest a defendant designated in an accusatory instrument ” as defined in CPL 1.20 (subd. 1). Significantly, the definition includes a warrant of arrest to commence a “ criminal action ” and “to bring [defendant] before such court for the purpose of arraignment upon an accusatory instrument ” (CPL 1.20, subd. 28), but not for the purposes of arraignment or appearance in a “ Criminal proceeding ’ ’. The latter is defined in CPL 1.20 (subd. 18) as “ any proceeding which (a) constitutes a part of a criminal action or (b) occurs in a criminal court and is related to a prospective, pending or completed criminal action”. Thus, at bar, the filing of a declaration of delinquency is such a “ criminal proceeding”, and is not the commencement of a “criminal action” which necessitates the indorsement of the warrant of arrest as required by CPL 1.20 (subds. 16, 17) and CPL 120.20.
Here, there is no dispute as to the defendant’s status as a probationer. As such he was in a considerably different position from that of the average free citizen. The defendant was still in legal custody and subject at all times to court supervision and control. Thus, for instance, he was subject to a search without any kind of warrant (People v. Randazzo, 15 N Y 2d 526; People v. Hunt, 38 A D 2d 756),
In connection with the status of a probationer another County Court has had occasion to state: “ The CPL has not changed the status of a parolee or probationer, but rather has substantially adopted it. He is still in legal custody and subject to supervision. He is subject to constraints that an ordinary citizen is not.” (People v. Adams, 71 Misc 2d 658, 660.)
*446 Thus, probationers are in an entirely different category, and the Legislature recognized the latter by enacting special legislation relating to the arrest of individuals who were already in legal custody (CPL art. 410).
As another court has pointed out1 ‘ Any alternative involving the interposition of constitutional barriers to the strict supervision and control of probationers would render the program less useful and perhaps entirely unworkable. The ultimate result would be that courts would find it necessary to incarcerate many defendants who otherwise would obtain the benefits of probation.” (People v. Chinnici, 51 Misc 2d 570, 573.)
Finally, this court feels that CPL 410.50 (subds. 4, 5) gives the ultimate answer to this application. CPL 410.50 (subd. 4) provides that a probation officer who has reasonable cause to believe that a probationer has violated a condition of' his sentence may without a warrant take such probationer into custody, and subdivision 5 provides in part that in taking a probationer into custody a probation officer may be assisted by a police officer.
It thus appears that the issuance of this warrant was merely in the exercise of caution and that, actually, the local probation officer could have availed himself of the services of the Niagara Falls Police Department to take this defendant into custody without any warrant having been issued.
The defendant’s motion to suppress is, therefore, denied. This determination, of course, does not alter or modify the previous decision and order of this court, dated March 11,1974.