THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FORTUNATO, JR., Appellant.

Fourth Department, December 12, 1975

*Paul R. Shanahan* for appellant.

*Jon K. Holcombe, District Attorney (John Cirando* of counsel), for respondent.

MOULE, J. P. The questions presented on this appeal are (1) may a probationer's residence be searched without a warrant by his probation officer and (2) may a probationer be required, as a condition of his probation, to consent to such a search.

The facts are basically undisputed. Defendant was arrested on October 2, 1973 after a warrantless search of his apartment, conducted by his probation officer and two policemen, turned up a quantity of marijuana. At the time of his arrest he was serving a five-year term of probation following a plea of guilty to a charge of criminal possession of a dangerous drug in the fourth degree. Two of the conditions of that. probation were as follows:

"8. That you permit search of your person and seizure of

any narcotic implements and/or illegal drugs found, such search to be conducted by a Probation Officer or a Probation Officer and his agent.

"9. That you permit search of your vehicle and place of abode where such place of abode is legally under your control, and seizure of any narcotic implements and/or illegal drugs found, such search to be conducted by a Probation Officer or a Probation Officer and his agent."

The search leading to defendant's arrest was warrantless. It came about after a Syracuse police officer contacted defendant's probation officer and told him that he had received reliable information that defendant was selling drugs. Conceding that he did not have sufficient probable cause to obtain a search warrant, the police officer asked the probation officer to search defendant's apartment pursuant to the foregoing conditions of his probation.

The search itself was conducted by the probation officer accompanied by the Syracuse police officer and a New York State Police officer. The probation officer knocked on the door of defendant's apartment and told him he and the police officers were there to search pursuant to the conditions of his probation. They were admitted to the apartment and, while there, found a quantity of marijuana in the bedroom. Defendant was then arrested and an indictment was subsequently returned by an Onondaga County Grand Jury charging him with criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree.

Defendant's motion to suppress the evidence obtained as a result of the search was denied. He then entered a plea of guilty to a reduced charge of attempted possession of a controlled substance in the sixth degree (Penal Law, §§ 110.00, 220.16) and was sentenced thereon to an indeterminate term of imprisonment having a minimum duration of one and one-half years and a maximum duration of three years.

On this appeal defendant contends that a probationer is entitled to full protection under the Fourth Amendment against unreasonable searches and seizures and that search of his apartment upon less than probable cause was illegal. He further contends that the condition of his probation whereby he was required to submit to such searches constituted a coerced waiver of his rights under the Fourth Amendment and, therefore, was, itself, illegally imposed.

The issues raised by defendant in this case probe an emerging but as yet incompletely defined area of law in this State. We are called upon to determine the status of a probationer with respect to the Fourth Amendment and to examine the permissible scope of conditions that may legally be imposed upon his liberty.

Under the provisions of section 65.00 of the Penal Law a person convicted of a crime in New York may be sentenced to a period of probation as an alternative to imprisonment. Such a sentence is authorized "if the court, having regard to the nature and circumstances of the crime and to the history, character and condition of the defendant" determines that institutional confinement is unnecessary, that the defendant needs supervision and guidance and that the ends of justice would thus be served.

Certain permissible conditions which the court may impose upon a person sentenced to probation are enumerated in subdivisions 2 and 3 of section 65.10 of the Penal Law but these are not all inclusive (see Practice Commentary by Arnold D. Hechtman, McKinney's Cons Laws of NY, Book 39, Penal Law, § 65.10). The law provides that the conditions imposed "shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law, § 65.10, subd 1). Additionally, CPL 410.50, provides that at any time during the period of probation, the court may, upon "reasonable cause to believe that the defendant has violated a condition of the sentence," order that a search be made of his residence by a probation officer.

The courts of this State, however, have not often been called upon to analyze the status of a probationer within the constitutional framework of our society or to determine whether a probationer, as in the case now before us, may legally be searched without prior court approval or may be required to waive protections he may enjoy under the Fourth Amendment as a condition of his probation.

*People v Vales* (78 Misc 2d 443), *People v Adams* (71 Misc 2d 658), *People v L'Hommedieu* (62 Misc 2d 925) and *People v Chinnici* (51 Misc 2d 570) are four nisi prius cases in which circumstances surrounding the search of a probationer have been considered. In each, searches of probationers were upheld. More significantly, however, was the view expressed by these courts that a person on probation occupies a status

similar to that of a person on parole and that by reason of the necessity to supervise such persons, neither enjoys the full panoply of rights afforded law-abiding citizens under the Fourth Amendment. Such rights protect an individual from unreasonable searches and seizures, but what is unreasonable in searching a law-abiding citizen may be reasonable in searching a parolee. *(People v Randazzo,* 15 NY2d 526; *People v Santos,* 31 AD2d 508, affd 25 NY2d 976).

Although no New York case deals directly with the precise questions before us on this appeal, two strikingly analogous Federal cases, *Latta v Fitzharris* (521 F2d 246) and *United States v Consuelo-Gonzalez* (521 F2d 259), decided on the same day by the Ninth Circuit Court of Appeals, hold that neither a warrantless search of parolees or probationers nor waiver of Fourth Amendment rights as a condition of parole or probation, transgresses constitutional limitations.

In *Latta v Fitzharris (supra)* a parole officer and two police officers searched a parolee's residence without a warrant, found marijuana, and subsequently arrested the parolee for its possession. The court held that the evidence was legally obtained. In so doing it rejected the argument that parolees were entitled to the same Fourth Amendment protections as ordinary citizens. Comparing such searches to administrative searches of welfare recipients authorized by the United States Supreme Court in *Wyman v James* (400 US 309), the court held it unnecessary for a parole officer to obtain a warrant based upon probable cause in order to search the residence of one of his parolees. It wrote (p 250): "We think that one of [the] restrictions, necessary to the effective operation of the parole system, is that the parolee and his home are subject to search by the parole officer when the officer reasonably believes that such search is necessary in the performance of his duties * * * His decision may be based upon specific facts, though they be less than sufficient to sustain a finding of probable cause."

In *United States v Consuelo-Gonzalez (supra)* a woman on probation for a narcotics violation was required as a condition of her probation to consent to searches of her person and property upon the request of law enforcement officers. Federal drug agents, acting on information received from four different sources that she was once again engaged in narcotics trafficking, learned of this probation condition and took advan-

tage of it to search her home. They discovered considerable narcotics evidence upon which she was tried and convicted.

The court reversed her conviction. It did so, however, solely on the basis that her probation officer did not participate in the search. On the issue of whether a probationer's residence could properly be searched without a warrant, the court responded that it could and applied the same standard of reasonableness as applied in *Latta.* Moreover, the court held that the probationer's constitutional rights were not violated by requiring, as a condition of her probation, that she submit to warrantless searches by her probation officer.

In the case now before us the defendant, as a condition of his probation, was required to submit to searches conducted by his probation officer. This is within the guidelines of *Consuelo-Gonzalez* and consequently was not a deprivation of his constitutional rights. Furthermore, when the search was actually conducted, his probation officer was present. Although the court in *Consuelo-Gonzalez* and *Latta* stopped short of permitting such warrantless searches to be conducted by police, without the probation officer's co-operation, neither preclude police bringing matters justifying a search to the probation officer's attention and accompanying him to the search location. This is exactly what happened in the case before us.

Defendant does not urge that the provisions of CPL 410.50 (subd 3) under which the court may, upon a finding of reasonable cause, issue an order to search a probationer, applies to this case. That section was enacted in 1971 prior to the decisions in *Latta* and *Consuelo-Gonzalez (supra)* which clearly state that probable or reasonable cause is not a constitutional prerequisite to such searches. Therefore, although New York law provides a specific procedure for searching a probationer which was not followed in the case before us, the failure to follow it did not violate defendant's constitutional rights. Furthermore, by consenting to permit such searches as a condition of his probation, defendant effectively waived any requirement that CPL 410.50 be complied with.

Accordingly, the judgment should be affirmed.

CARDAMONE, SIMONS, MAHONEY and DEL VECCHIO, JJ., concur.

Judgment unanimously affirmed.