THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES C. SUTTELL, Appellant.

Fourth Department, July 12, 1985

## APPEARANCES OF COUNSEL

*Clark J. Zimmermann* for appellant.

*Ronald L. Fancher* (*Robert Noonan* of counsel), for respondent.

## OPINION OF THE COURT

DILLON, P. J.

On his plea of guilty to criminal possession of a controlled substance in the fifth degree, defendant was sentenced on May 27, 1983 to a five-year period of probation. The court imposed several conditions of probation, among which were that he refrain from the possession or use of narcotic drugs and that he permit his probation officer "to search [his] person and premises for illegal drugs."

In early October 1983, defendant's probation officer had information that defendant had violated probation in several respects, among which were that he had not abided by his curfew, had consumed alcoholic beverages, and had failed to keep appointments with an alcoholism unit and a mental health agency.

For whatever its worth, the probation officer had also been told that defendant's brother, who resided with defendant, had been seen in public smoking what appeared to be a marihuana cigarette. On October 6, 1983, the probation officer, accompanied by a police officer, confronted defendant at his home, conducted a search of defendant's bedroom and seized a quantity of marihuana. Defendant's motion to suppress the marihuana was denied, and defendant was found to have violated several conditions of his probation, including those resulting from his possession of marihuana. The sole issue presented by the parties is whether the marihuana should have been suppressed on the basis that the probation officer failed to obtain a search order pursuant to CPL 410.50 (3) before conducting the search.

The People concede that a person's status as a probationer or parolee does not extinguish his 4th Amendment protection against unreasonable search and seizure (*see, Gagnon v Scarpelli,* 411 US 778; *Morrissey v Brewer,* 408 US 471). It is also well established that such status is relevant in determining the reasonableness of a search; what is reasonable in the case of a probationer or parolee may be unreasonable in the case of a person who is not under legal custody and continuing supervision (*People v Huntley,* 43 NY2d 175, 181; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 410.50, p 262).

Here, in arguing to sustain the validity of the search, the People rely principally, as did the suppression court, upon this court's decision in *People v Fortunato* (50 AD2d 38). There defendant's probation officer was told by a police officer that he had received reliable information that defendant was selling drugs. Conceding that he did not have sufficient probable cause to obtain a search warrant, the police officer asked the probation officer to search defendant's apartment pursuant to a condition of probation requiring defendant to permit the search. Based primarily, if not exclusively, upon defendant's status as a probationer and the court-imposed condition, this court held that the warrantless search did not violate Fortunato's 4th Amendment rights. Additionally, it was found that "by consenting to permit such searches as a condition of his probation, defendant effectively waived any requirement that CPL 410.50 be complied with" (*People v Fortunato, supra,* p 43).

Subsequent to *Fortunato (supra),* the Court of Appeals held in *People v Jackson* (46 NY2d 171, 176), that absent exigency, "even if there was reasonable cause to conduct the search, the probation officers should not have acted without a court order."

In this regard, the status of a probationer was apparently, if not explicitly, distinguished from that of a parolee whose parole officer, in comparable circumstances, may conduct a warrantless search which is "rationally and substantially related to the performance of his duty" (*People v Huntley, supra,* p 183). Thus, a probationer is afforded a right not secured to a parolee; i.e., that, absent exigency, there be prior judicial intervention and approval before he may be subjected to a search (*see, People v Dawson,* 73 AD2d 979, *appeal dismissed* 51 NY2d 1005).

Since 1971, the authority of a probation officer to search the person or residence of one on probation has been governed by CPL 410.50 (3) (*People v Jackson, supra,* pp 174-175). Although it was not argued in *People v Fortunato* (*supra*) that the probation officer's failure to comply with the statute invalidated the search, the court nevertheless concluded that "the failure to follow it did not violate defendant's constitutional rights" (50 AD2d, at p 43). Whether, on the facts in *Fortunato,* that conclusion would still pertain in light of the Court of Appeals decision in *Jackson* need not here be addressed. While the substantive test set forth in the statute, namely, " 'reasonable cause to believe that the defendant has violated a condition of the sentence' ", apparently codifies case law defining the constitutional standard governing searches of the person or property of a probationer (*People v Jackson, supra,* p 175), a probation officer's failure to have obtained a prior judicial determination of "reasonable cause" is now enough, standing alone, to invalidate the search unless the circumstances with which the probation officer was confronted justify the failure to have done so. That is the interpretation placed upon the majority opinion in *Jackson* by the three dissenters (opn by Jasen, J., pp 177-180), and we think it a reasonable one.

On the foregoing analysis, the search conducted here, having been made without a search order pursuant to CPL 410.50 (3) or other warrant, was only permissible if justified by exigent circumstances. While the suppression court characterized the exigency issue as "arguable", we find the record to be wholly devoid of any reasonable basis to support a belief by the probation officer that there was a need for an immediate search and, understandably, he never asserted that one was required. Indeed, his testimony demonstrates that the impetus for the search flowed solely from the condition of probation permitting the search. Before visiting defendant's home, he had more than enough information to demonstrate to the court that defendant had violated several conditions of his sentence (*see,* CPL 410.50 [3]). The incidental observations made by him after arriving at

defendant's home bore no relationship to defendant's possession of drugs, and the verification by defendant's mother that defendant had violated his curfew, a fact previously known by the probation officer, was not a circumstance which would justify the search. In sum, the probation officer had ample opportunity to submit the matter to the court as required by the statute and there was no showing of exigency (*People v Jackson,* 46 NY2d 171, 177, *supra*).

We recognize that in *Jackson* (*supra*) the sentencing court did not make permission to search a condition of probation. Nevertheless, the order here requiring defendant to permit the search of his "person and premises for illegal drugs" may not be equated with the "court order" held to be essential in *Jackson* (*People v Jackson, supra,* p 176). That there is a less demanding constitutional standard to be met in justifying a warrantless search of a parolee or probationer does not authorize the court to impose an unconstitutional sanction as a condition of probation (*see, People v Huntley,* 43 NY2d 175, 183, *supra*). Moreover, were we to give effect to the court's order in this regard, we would nullify whatever protection the Legislature intended to afford probationers by enactment of CPL 410.50 (3).

Of course, one may waive constitutional and statutory rights, but there is no showing of waiver here. "Waiver is the voluntary and intentional relinquishment of a known right; knowledge and intent are essential elements" and "[a]t the very least the record should reflect an advised and knowing waiver entered into freely and voluntarily" (*People v Cox,* 71 AD2d 798). The only evidence in this record even remotely bearing upon this issue is defendant's signed statement which appears on the order enumerating 16 conditions of probation. The statement asserts: "I have read and understand these conditions of probation and will abide by them." Considering the circumstances in which the statement was made, it can hardly be said to constitute a waiver of either constitutional or statutory rights.

It follows, then, that the marihuana must be suppressed and the determination that defendant violated conditions of probation by possessing narcotic drugs must be vacated. Although the record supports the determination that defendant violated several other conditions of probation, we are unable to assess the relative weight the court placed upon the drug violation in revoking probation and imposing a sentence of imprisonment. We think it appropriate, therefore, to give the court an opportunity to make that assessment.

Accordingly, the judgment should be reversed, defendant's motion to suppress granted, and defendant should be remanded

to County Court for further proceedings pursuant to CPL 410.70 (5).

CALLAHAN, BOOMER, GREEN and SCHNEPP, JJ., concur.

Judgment unanimously reversed, on the law, and as a matter of discretion in the interest of justice, defendant's motion to suppress granted, and defendant remanded to Genesee County Court for further proceedings pursuant to CPL 410.70 (5).