■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRINGTON BROWN, Appellant.—Appeal by defendant from an amended judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered August 16, 1984, which adjudicated him in violation of probation, after a hearing, and imposed a sentence of three months' imprisonment.

Amended judgment affirmed, and case remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

In 1982, after a plea of guilty, defendant was sentenced, inter alia, to five years' probation for criminal possession of marihuana in the third degree. Subsequently, defendant was notified to report to his probation officer. When he did so, he was taken into custody pursuant to an arrest warrant. He was then driven to his home, which was searched by the probation officer and several police officers. A quantity of fertile mari-

huana seeds was discovered. Defendant moved to suppress the seized evidence on the ground that a search order pursuant to CPL 410.50 (3) was never obtained. The motion was denied.

When there is no waiver, and no exigent circumstances, a probation officer may not search a probationer's personal property, except as incident to arrest, unless a search order pursuant to CPL 410.50 (3) is first obtained (see, *People v Jackson*, 46 NY2d 171, 176). However, a probationer may consent as a condition of probation, to permit certain types of searches, so long as the condition imposed is in keeping with the purposes to be served by the sentences of probation, and such a search may be conducted where there is a reasonable belief on the part of the probation officer that it is necessary to properly perform his or her duty (see, *United States v Consuelo-Gonzalez*, 521 F2d 259).

At bar, defendant had been charged with the same crime for which he was sentenced to probation. In these circumstances, where there was a prior judicial determination, as evidenced by the arrest warrant, that reasonable cause existed to believe that defendant had violated the terms of his probation (see, *People v Jackson, supra*), and where the search did not exceed the scope of defendant's consent, the search of defendant's home was justified. Accordingly, the amended judgment is affirmed.

Defendant's contention that his three-month term of imprisonment for violation of probation was excessive has been considered and found to be without merit. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.