*824 OPINION OF THE COURT
David B. Saxe, J.
This is an article 78 proceeding brought by a tenant seeking judicial review of an order issued on January 29, 1987 by the Deputy Commissioner of the Division of Housing and Community Renewal (DHCR) granting the owner’s petition for administrative review which found that the building, by virtue of having been converted to cooperative ownership prior to the effective date of the Rent Stabilization Law, was not subject to regulation by it.
On or about June 1, 1968, 625 Park Avenue Corporation offered to the public a plan to convert the building located at 625 Park Avenue to cooperative ownership. The plan specifically excluded the "C” and "E” line apartments located in the building from that conversion. These apartments were excluded even though 7 out of 8 of them were rented at the time of the offering. The plan was declared effective on or about November 26, 1968.
The crux of this dispute revolves around the contention of petitioner McAvity that her apartment, 1-C, to which she moved in 1980, is subject to the Rent Stabilization Law. Prior to 1980, the petitioner had lived in another apartment in the building, No. 7-C.
The position of the intervenor-respondent, * 625 Park Corporation and that of the DHCR is that on the effective date of the Rent Stabilization Law (May 12, 1969), an apartment building such as 625 Park Avenue, owned as a cooperative or condominium, was not subject to that law (see, Administrative Code of City of New York § YY51-3.0 [a]). (Wyle v Prince, 50 AD2d 538 [1st Dept 1975], lv denied 38 NY2d 709 [1986]; Minton v Domb, 63 AD2d 36 [1st Dept 1978].)
A careful reading of Code of the Rent Stabilization Association of New York City, Inc. § 2 (g) (5) contradicts that position. That section states:
"(g) Dwelling units not subject to the code — notwithstanding the foregoing definitions of 'dwelling unit’, this Code shall not apply to the following: * * *
"(5) [Djwelling units located in a building or structure for which a cooperative or condominium plan was accepted by the State Attorney General and offered to the tenants in such building prior to the effective date of the RSL”.
*825 So, the exclusion from coverage under the Rent Stabilization Law was contemplated by the Legislature only if the dwelling units had been offered for sale to the tenants in the building prior to the effective date of the Rent Stabilization Law. The rationale for the offering provision is apparent; the Legislature did not intend to retroactively stabilize units which had been effectively converted to cooperative ownership. The standard utilized for conversion was, however, that there must have been an opportunity afforded for the dwelling unit to be purchased. Here, there was never an opportunity afforded to the past occupant of the dwelling unit to purchase pursuant to the plan of conversion and, accordingly, the dwelling unit was never lawfully converted. It is therefore not exempt from the coverage of the Rent Stablization Law.
The issue in Minton v Bomb (63 AD2d 36, supra) concerned the rights of subtenants of a proprietary lessee. In Minton, all the apartments in the building were converted to cooperative ownership. Thereafter, a proprietary lessee sublet his apartment to a tenant who sought the protection of the Rent Stablization Law. The court held that the tenant was not entitled to such protection. Minton is not controlling here because the petitioner is not a subtenant of a proprietary lessee nor is her status analogous. No one owns her apartment. Wyle v Prince (50 AD2d 38, supra) is also not controlling since there, tenants were given the opportunity to purchase their apartments pursuant to a conversion plan.
In this proceeding, unlike the situation in both Minton and Wyle (supra), at the time of the conversion to cooperative ownership, the then tenant in occupancy did not have the opportunity to purchase his apartment.
The District Rent Administrator’s order held that the apartment was subject to rent stabilization. On appeal, that order was revoked. The order of revocation was wrong because it was based upon a misunderstanding of the law. So, the order and opinion, on appeal of respondent Deputy Commissioner Manuel Mirabal is vacated and the order and opinion of the District Rent Administrator is reinstated.

 The application for intervention was granted by the court.