■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL G. NAZARIAN, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered March 29, 1988, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant appeals pursuant to CPL 450.10 (2) from the indeterminate prison sentence of 1 to 3 years imposed upon him by County Court following a hearing at which it was determined that defendant had violated a condition of the probation previously imposed upon his conviction of driving while intoxicated and aggravated unlicensed operation of a motor vehicle. Defendant contends that the sentence is invalid as a matter of law and that it is harsh and excessive (see, CPL 450.30 [1]). Defendant's contention of invalidity is grounded upon the claim that the original sentence of probation was invalid due to County Court's failure to adhere to the requirements of CPL 410.10 (1). Pursuant to CPL 440.20 (1), the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law. During the hearing, defendant raised the issue of the validity of the sentence of probation and shortly thereafter filed formal motion papers pursuant to CPL 440.20 (1). While County Court did not issue an order directed at this motion, it is clear from the record that defendant's argument was considered by the court and rejected. Accordingly, we will address the merits of this claim on appeal.

The record shows that when defendant was sentenced to probation, County Court read the conditions of probation to defendant, asked defendant if he understood them and then placed the written conditions in defendant's file, which went to the Probation Department. Later that day, defendant met with his probation officer who reviewed the conditions with him and obtained defendant's signature on the written conditions, indicating that defendant had read the conditions and understood them; the probation officer handed a copy of the conditions to defendant. County Court's failure to give defendant a written copy of the conditions of probation at the time sentence was imposed was a direct violation of the clear and unmistakable requirement of CPL 410.10 (1). Nevertheless, while the court should adhere to the procedure contained in CPL 410.10 (1), we are of the view that defendant's sentence of probation was not rendered invalid by the procedure employed in this case by County Court. The purpose of the procedure specified in CPL 410.10 (1) is to ensure that a defendant has

knowledge of the precise condition or conditions imposed (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 410.10, at 251), and the record establishes that defendant had such knowledge.

Defendant further argues that the sentence imposed upon revocation of his probation was unduly harsh when contrasted with his concededly good employment record, his successful participation in an alcohol program and his generally regular attendance at Alcoholics Anonymous meetings. Although we find defendant's efforts toward his rehabilitation commendable, we do not consider them decisive in regard to the judgment of County Court currently on appeal. When defendant was initially placed on probation for the serious motor vehicle offenses to which he pleaded guilty, his sentence to probation must be regarded in the nature of a privilege (see, People v Chinnici, 51 Misc 2d 570). To enjoy that privilege, defendant was required to obey the conditions of probation imposed upon him, in particular condition six which provides that defendant is "not to own or operate a motor vehicle or apply for a license to operate a motor vehicle during the period of probation supervision". We find this condition appropriate, considering the nature of defendant's convictions, and "reasonably related to his rehabilitation" under Penal Law § 65.10 (2) (e). Proof was offered at the revocation hearing that defendant was observed in violation of this condition, and he admitted having violated the condition. We view defendant's conduct as a complete disregard of probation condition six, about which he had been fully informed and warned. Such conduct justified revocation of his probation and the imposition of a prison term of 1 to 3 years—a term which is authorized under Penal Law § 70.00 (2) (e) and below the maximum imposable sentence. Accordingly, we affirm the judgment.

Judgment affirmed. Casey, J. P., Weiss, Mikoll and Levine, JJ., concur.