■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERALD O. BERKLEY, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered February 19, 1988, which revoked defendant's probation and imposed a sentence of imprisonment.

In October 1983, defendant was convicted of a felony for driving while intoxicated (hereinafter DWI) and was sentenced to 60 days in jail and five years' probation. The original conditions of defendant's probation provided that defendant was not to operate a motor vehicle during his probationary period. In 1986, as a condition for lifting the prohibition of operating a motor vehicle to and from work, the following provision was added to the terms of his probation: "4. Refrain from the use of alcohol and submit to Alco-Sensor [breathalyzer] Analysis as deemed appropriate by the Probation Department."

Subsequently, on September 10, 1987, defendant was again arrested for DWI. On November 24, 1987, he was accused of

intoxication by his probation officer. Violation hearings were conducted for both incidents and he was found guilty by County Court of both violations. Thereafter, defendant's probation was revoked and he was sentenced to a prison term of 1⅓ to 4 years.* This appeal followed.

Initially, we reject defendant's argument that condition 4 of his modified probation order is overbroad, unduly harsh and beyond the authority of Penal Law § 65.10. Despite defendant's contentions otherwise, the requirement that he refrain from the consumption of alcohol was entirely appropriate given the nature of his conviction and the circumstances surrounding his present probation violations (see, People v Nazarian, 150 AD2d 923). Defendant's legal history contains five DWI arrests resulting in one felony conviction. It seems clear that his consumption of alcohol, in combination with his operation of a motor vehicle, is the sole precipitating factor of his contact with the criminal justice system. Under these circumstances, requiring him to refrain from its consumption is reasonably related to his rehabilitation (see, Penal Law § 65.10 [1], [2]) and is in keeping with the practice in several other States (see generally, Annotation, Propriety of Requirement, as Condition of Probation, that Defendant Refrain from use of Intoxicants, 19 ALR4th 1251).

Defendant's broad contention that the fact that he is an alcoholic should exempt him from such a condition lacks merit (cf., Mock v State, 156 Ga App 763, 275 SE2d 393), especially since there is no evidence that defendant is a chronic alcoholic who is pathologically unable to refrain from drinking (see, e.g., State ex rel. Mulligan v Department of Health & Social Servs., 86 Wis 2d 517, 273 NW2d 290; State v Oyler, 92 Idaho 43, 436 P2d 709; see also, Sweeney v United States, 353 F2d 10). To the contrary, although defendant now admits that he is an alcoholic, at the hearings he denied that he consumed alcohol on the occasions in question but he continues to blame his present difficulties on faulty testing equipment. He also argues that any symptoms of alcohol ingestion were brought about by his consumption of nonprescription drugs which contained alcohol of which he was unaware.

We also reject defendant's assertion that requiring him to submit to an Alco-sensor test without first obtaining a search

---

* At a later date, defendant was convicted and sentenced to 90 days in jail and a revocation of his driver's license for the crime of driving while his ability was impaired relating to the September 1987 DWI arrest.

order (see, CPL 410.50 [3]) constituted an illegal search and seizure in violation of his constitutional rights. The general rule is that a probation officer should not search a probationer or his personal property without a search order absent waiver, exigent circumstances or as search incident to arrest (People v Brown, 114 AD2d 1035, lv denied 67 NY2d 759; see, People v Jackson, 46 NY2d 171, 176). Nonetheless, "a probationer may consent as a condition of probation, to permit certain types of searches, so long as the condition imposed is in keeping with the purposes to be served by the sentences of probation, and such a search may be conducted where there is a reasonable belief on the part of the probation officer that it is necessary to properly perform his or her duty" (People v Brown, supra, at 1036). Here, it is apparent that the terms of condition 4, about which he had been fully informed and warned (see, People v Nazarian, 150 AD2d 923, supra), were reasonably related to the terms of defendant's probation. Since defendant appeared before his probation officer in an allegedly intoxicated state, administration of the test in this instance was fully justified and supported by reasonable cause.

Defendant's remaining arguments have been examined and have also been found to be without merit. The fact that defendant's September 1987 DWI arrest was considered as a violation of the conditions of his probation has nothing to do with the fact that he was later convicted of driving with ability impaired in relation to that same incident and does not constitute being sentenced twice for the same offense, as argued by defendant. Both the September 1987 incident and the incident before defendant's probation officer in November 1987 were properly considered in determining whether defendant violated the probationary sentence imposed upon him in 1983. In that regard, we note that probation is a privilege and not a right (People v Nazarian, supra; see, People v Oskroba, 305 NY 113, 118). County Court did not abuse its discretion by revoking defendant's probation and imposing a sentence within the statutory guidelines (see, People v Howland, 108 AD2d 1019).

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.