■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE M. HURST, Appellant. [602 NYS2d 244] —Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered August 31, 1992, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was originally sentenced upon his conviction of driving while intoxicated and aggravated unlicensed operation of a motor vehicle to time served and five years' probation. He was subsequently found to have violated the terms of his probation and was sentenced upon the revocation of his probation to 1 to 4 years' imprisonment. Defendant contends on this appeal that County Court's failure to specify the conditions of probation or to give him a written copy of the conditions at his initial sentencing violated CPL 410.10 (1) and requires that the sentence he received for violating his probation be vacated.

On this record it appears that County Court did not specify the conditions of probation at sentencing and it is not clear that County Court complied with the requirement of CPL 410.10 (1) that defendant be given a written copy of the conditions of probation at sentencing. While sentencing courts should adhere to the procedure outlined in CPL 410.10 (1), we do not find that County Court's failure to do so here requires reversal. On the day of sentencing, defendant signed a written copy of the conditions of probation acknowledging that he had read the conditions, understood them and had received a copy of the conditions. Further, defendant's probation officer testified that he reviewed the conditions with defendant and defendant had stated that he understood them. These facts establish that defendant had knowledge of the precise conditions imposed, and the intent of CPL 410.10 (1) was thus

served *(see, People v Nazarian,* 150 AD2d 923, *lv denied* 74 NY2d 744; *see also, People v Bernstein,* 163 AD2d 842, *lv denied* 76 NY2d 938).

Yesawich Jr., J. P., Mercure, Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed.