Mercure, J.P
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered July 2, 2007, convicting defendant upon his plea of guilty of the crime of attempted disseminating indecent material to minors in the first degree.
Admitting that he transmitted a sexually graphic image from his computer to a person whom he believed to be a 14-year-old girl, defendant pleaded guilty to attempted disseminating indecent material to minors in the first degree. As part of his plea, defendant waived his right to appeal. County Court thereafter sentenced defendant to 180 days in jail and 10 years of probation, to be served concurrently. The court expressly noted that a condition of defendant’s probation would be that defendant is precluded from having computers or access to computers, and that his home would be inspected by the Probation *955 Department once a month to ensure that no computers were present. Defendant now appeals.*
We are unpersuaded by defendant’s argument that his sentence is invalid because the condition that he not be permitted to have a computer in his residence was not set forth in the written orders and conditions of probation (see CPL 410.10 [1]). Inasmuch as the sentencing transcript reveals that County Court expressly advised defendant of the restriction, we conclude that the record establishes defendant’s knowledge of the precise condition imposed. Thus, although the better practice is to provide defendant with a written copy of all conditions of probation, defendant’s sentence was not rendered invalid by the procedure employed by County Court here (see People v Hurst, 197 AD2d 730, 730 [1993]; People v Davey, 193 AD2d 1108, 1108 [1993]; People v Nazarian, 150 AD2d 923, 923-924 [1989], lv denied 74 NY2d 744 [1989]). Moreover, we reject as meritless defendant’s assertion that the condition is so vague as to be unenforceable. Finally, defendant’s challenges to the condition both as an abuse of discretion and as unduly harsh are barred by his valid waiver of his right to appeal (see generally People v Lopez, 6 NY3d 248, 255-256 [2006]).
Peters, Spain, Kane and Malone Jr., JJ, concur. Ordered that the judgment is affirmed.

 Defendant also separately challenges his subsequent classification as a risk level three sex offender (People v McElhearn, 56 AD3d 978 [2008] [decided herewith]).